**Larry ANDERSON and Jo Anderson, Appellant–Plaintiff,**

v.

**Gary L. SCOTT and Hall–Rodecap, Inc., Appellee–Defendant.**

**No. 41A0–9010–CV–420.**

Court of Appeals of Indiana, First District.

July 30, 1991.

Lance Wittry, Bennett & Sheff, Indianapolis, for appellant-plaintiff.

Stephen J. Peters, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee-defendant.

BAKER, Judge.

Plaintiff-appellant Larry Anderson brings this interlocutory appeal of the trial court's order denying his motion to amend the complaint pursuant to Ind.Trial Rule 15. The issue presented for our review is whether the amendment, adding Larry's wife as a new plaintiff alleging a loss of consortium claim, related back to the filing of the original complaint such that the amended complaint was not barred by the applicable statute of limitations. We hold that her claim did not relate back, and therefore affirm the judgment of the trial court.

## FACTS

On September 2, 1987, Larry and his brother Jo Anderson were involved in an accident with an auto driven by defendant-appellee Gary Scott, an employee of Hall–Rodecap, Inc. Larry and Jo filed a *pro se* complaint against Scott and Hall–Rodecap, Inc. (the defendants) on September 5, 1989, for injuries they allegedly sustained in the accident.[1] On November 22, 1989, an attorney entered an appearance for Larry and Jo. On July 19, 1990, Larry filed a motion to amend his complaint to add his wife as a plaintiff alleging a loss of consortium claim against the defendants. The trial court denied Larry's motion, and he now appeals.

## DISCUSSION AND DECISION

The matter of permitting amendments to pleadings rests largely within the discretion of the trial court, and we will interfere with the trial court's decision only upon a manifest showing of abuse of discretion. *Smith v. McFerron* (1989), Ind. App., 540 N.E.2d 1273; *Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556.

T.R. 15(C) governs the relation back of amendments, and provides in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

This rule does not specifically provide for the situation in which the amendment seeks to bring in a new plaintiff. Indiana's T.R. 15(C) is virtually identical to the federal rule covering the same topic.[2] It is thus appropriate to look to federal law in determining whether the proposed amendment relates back to the original claim. *Honda Motor Co., Ltd. v. Parks* (1985), Ind.App., 485 N.E.2d 644.

The Notes of Advisory Committee on Fed.R. 15(c) acknowledge that the relation back of amendments changing plaintiffs is not expressly treated in the rule. The Notes advise us, however, that "the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." USCS Rules of Civil Procedure, Rule 15, Notes of Advisory Committee (Lawyers Co-operative, 1984). Thus, we look to the language pertaining to addition or substitution of defendants to determine the propriety of the requested addition of a plaintiff in this case.[3] *See Benke, supra* (applying the requirements of T.R. 15(C) to an amendment adding a plaintiff); *LeMasters v. K–Mart* (E.D.La. 1989), 712 F.Supp. 518 (applying the 15(c) requirements to an amendment seeking to add a new plaintiff; held the original plaintiff's wife's claim alleging a loss of consor-

1. The complaint was timely filed, as September 2, 1989, was the Saturday of Labor Day weekend. Tuesday, September 5, was thus the latest possible date for the filing of the complaint.

2. Fed.R.Civ.P. 15(c).

3. To do otherwise would allow plaintiffs to slumber on their rights for an indefinite period of time as long as one plaintiff timely asserted his or her claim. This could be extremely prejudicial to a defendant, as illustrated by the situation in which multiple people are injured in an accident, yet only one files a complaint within the statute of limitations. A defendant who would otherwise be free to believe no other claims could be asserted against it, would have to prepare for the possibility that other unknown persons who were involved in the accident could appear at any time and append their claims to the claim of the timely plaintiff. It is thus appropriate to analyze the potential amendment pursuant to the requirements of T.R. 15(C) relative to the addition of a defendant.

tium did not relate back to the filing of the initial complaint).

Larry, as the party seeking relation back, bears the burden of proving the conditions in T.R. 15(C) are met. *Berns Constr. Co., Inc. v. Miller* (1986), Ind.App., 491 N.E.2d 565, *aff'd*, (1987), Ind., 516 N.E.2d 1053. Larry argues the claim asserted in the amended complaint arose out of the occurrence set forth in the original pleading. T.R. 15(C) does not permit the relation back of an amendment which states an entirely new cause of action, however. *McCarty v. Hospital Corp. of America* (1990), Ind. App., 560 N.E.2d 1268; *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102, *trans. denied*, (1986), Ind., 487 N.E.2d 159 (Shepard, J., and DeBruler, J., dissenting). "While the doctrine of relation back has its place, it is not to be used as a means of circumventing the statute of limitations to assert a claim otherwise barred." *City of Crawfordsville, supra* at 105 (quoting *Beta Alpha Shelter of Delta Tau Delta v. Strain* (1983), Ind.App., 446 N.E.2d 626, 631, n. 10, *trans. denied*). Despite the lack of the amended complaint in the record, it is apparent from the parties' arguments that the amended complaint alleges Larry's wife sustained losses of her husband's services because of his injuries. This claim is based upon different facts, i.e. what her husband can no longer do for her and with her, than those facts contained in the original claim which was based upon Larry's injuries as a result of the car accident.

■ Even if we were to find the new claim arose out of the occurrence set forth in the original complaint because each of the claims, amended and original, allegedly arose as a result of the car accident, the claim would still not relate back to the filing of the original complaint. The defendants were not notified of the institution of

the action within the period provided by law, as required by T.R. 15(C)(1). The rule does not require that the defendant be *served* with notice of the action within the time period, but the defendant must receive such notice that he will not be prejudiced in maintaining his defense on the merits. *Waldron v. Wilson* (1989), Ind., 532 N.E.2d 1154.

The only allegation made by Larry that the defendants received notice of the institution of his wife's claim within the statute of limitations is that within the statute of limitations the defendants had knowledge that Larry was married. The fact that Larry was married does not in and of itself constitute notice to the defendants that a loss of consortium claim would be filed. *LeMasters, supra.* "The touchstone . . . is whether the defendant knew or should have known of the existence *and involvement* of the new plaintiff." *Id.* at 520 (emphasis in original) (quoting *Leachman v. Beech Aircraft Corp.* (D.C.Cir.1982), 694 F.2d 1301, 1309). "[T]he additional plaintiff must have in some manner already been involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment. . . ." *Pappion v. Dow Chemical Co.* (W.D.La.1986), 627 F.Supp. 1576, 1581. Larry has not demonstrated that the defendants were aware of his wife's involvement in the lawsuit against them.[4]

■ Finally, there is no indication whatsoever that the defendants knew or should have known that but for a mistake concerning the identity of the proper party, the amended claim would have been asserted against them, as required by T.R. 15(C)(2). Larry claims that as he was not represented by counsel at the time of the filing of the original complaint, the defendants should have known it was simply a mistake

---

**4.** Larry claims that the defendants failed to demonstrate they would be prejudiced by the relation back of the amendment. As noted above, Larry bears the burden of proving the requirements of T.R. 15(C) are met; thus, he must prove the defendants would not be prejudiced. *Berns, supra.* The defendants obviously would be prejudiced by the amendment because

an otherwise successful defense, the running of the statute of limitations, would no longer be available to them. *See Simmons v. Fenton* (7th Cir.1973), 480 F.2d 133 (a statute of limitations defense is a complete bar to an action, and to deny the defense makes the prejudice complete and final).

that the claim of Larry's wife was not included from the beginning. This is not a persuasive argument. A litigant who proceeds *pro se* is held to the same established rules of procedure that legal counsel is bound to follow. *Nesses v. Specialty Connectors, Inc.* (1990), Ind.App., 564 N.E.2d 322, *trans. denied.* Larry cannot attempt to get around the requirements of T.R. 15(C) or the statute of limitations by pleading ignorance. Additionally, the filing date of the amended complaint weighs against Larry's assertion. Larry obtained counsel approximately two months after the filing of the initial complaint, yet the amendment was not proffered until July of 1990, eight months after counsel's appearance.

Statutes of limitations are "founded upon a rule of necessity and convenience and the well-being of society." *Crivaro v. Rader* (1984), Ind.App., 469 N.E.2d 1184, 1186, *trans. denied.* The important public policies of security and stability lie at the statute's foundation, *id.*, and we will override the policies only upon strict adherence to the requirements of rules which allow the statute to be defeated. Larry's amendment does not conform to the requirements of T.R. 15(C), and thus does not relate back to the filing of the original complaint. Larry's wife's claim was barred by the applicable statute of limitations, as it was filed ten months after the two-year period had ended. The trial court did not abuse its discretion in denying the amendment.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.