Barry J. **STERN**, Robert Culley, Zinia Travis, Virginia Gonder, and Gateway West Townhouse Corporation, Appellants-Defendants,

v.

Paul **GRESK**, Douglas Meacham, Dale Meacham, and Meacham Wrecker Service, Inc., Appellees-Plaintiffs.

No. 73A01–9110–CV–312.

Court of Appeals of Indiana, First District.

Dec. 30, 1991.

Rehearing Denied Feb. 18, 1992.

Barry J. Stern, pro se.

Russell J. Sanders, McNeely Sanders Stephenson Thopy, Shelbyville, for Douglas Meacham, Dale Meacham, and Meacham Wrecker Service, Inc.

Joseph M. Dietz, Meils, Zink, Thompson and Dietz, Indianapolis, for Paul Gresk.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Barry J. Stern[1] brings this interlocutory appeal following the trial court's order denying his motion for change of venue pursuant to Ind. Trial Rule 75. We dismiss.

## ISSUE

Stern raises one issue for our review; however, the following issue is dispositive of his appeal:

Is Stern's interlocutory appeal ripe for review by this court?

## FACTS

On July 14, 1989, Paul Gresk filed a complaint against Barry Stern, Robert Cully, Zinia Travis, Virginia Gonder, and Gateway West Townhouse Corporation in Marion Superior Court. All defendants by counsel filed a motion for change of venue pursuant to Ind. Trial Rule 76 and the case was transferred to the Shelby Circuit Court. On May 16, 1990, Stern, proceeding

pro se, filed a third party complaint against third party defendants, Douglas Meacham and Meacham Wrecker Service Inc., in the Shelby Circuit Court case.

On June 11, 1991, Stern, proceeding pro se, filed a complaint in the Marion Superior Court naming Douglas Meacham, Dale Meacham, and Meacham Wrecker Service Inc. as defendants. The complaint filed in the Marion Superior Court was substantially similar to the third party complaint pending in the Shelby Circuit Court. Subsequently, Douglas Meacham, Dale Meacham, and Meacham Wrecker Service, Inc. filed a motion to approve consolidation of the Marion Superior Court case with the Shelby Circuit Court case. The motion to consolidate was approved by the Shelby Circuit Court on August 14, 1991.

On September 3, 1991, Stern filed a motion for change of venue of the consolidated cases. This motion for change of venue was denied. Stern now brings an interlocutory appeal challenging its denial.

## DISCUSSION AND DECISION

Effective January 1, 1990 section (D) was added to Ind. Trial Rule 42. T.R. 42(D) clearly explains the procedure and requirements to effectuate the consolidation of actions pending in different courts. T.R. 42(D) provides in part "When civil actions involving a common question of law or facts are pending in different courts, a party to any of the actions may, by motion, request consolidation for purpose of discovery and any pre-trial proceedings." The motion to consolidate is to be filed by a party to any of the actions in the court with the earliest filing date. T.R. 42(D). After discovery and pre-trial proceedings have been conducted pursuant to the consolidation order, the trial court is to return the cases to the courts in which they were pending prior to consolidation. *Id.* The trial court may only order consolidation for purpose of trial if, after notice to all the parties and a hearing, it finds "... the action involves unusual or complicated issues of fact or law or involves a substantial

---

1. Stern is the only appellant participating in this    interlocutory appeal.

question of law of great public importance." *Id.* Most importantly to the case at bar, the rule provides:

"Except for cause pursuant to IC 34–1–13–1, the right to a change of venue in any action consolidated under this rule shall be suspended during the period of consolidation. Such right shall be reinstated on entry of an order remanding the action to the court in which it was pending at the time of consolidation and the time for change of venue shall be tolled during the period of suspension."

T.R. 42(D).

Here, the Shelby Circuit Court has approved the motion to consolidate the Shelby and Marion Court cases. The Shelby Circuit Court upon completion of discovery and pretrial proceedings is then required to return the appropriate portion of the case to Marion County unless, after notice and a hearing, it finds that the cases should also be consolidated for purposes of trial. Stern has filed his motion for change of venue, pursuant to T.R. 75., during the period of pre-trial consolidation. The trial rule, however, explicitly states that there is no right to a change of venue during this consolidation period. Instead, the right to a change of venue is suspended until the Shelby Circuit Court remands the action back to the Marion Superior Court. Stern has no right to a change of venue at this point in time since his interlocutory appeal is not ripe for review; we must dismiss the appeal.

Dismissed.

ROBERTSON and SHARPNACK, JJ., concur.