[619 NYS2d 414]

PETER T. PRICE, Individually and on Behalf of Certain Underwriters at LLOYD'S, LONDON, Appellant, v BROWN GROUP, INC., Formerly BROWN SHOE COMPANY, INC., Respondent.

Fourth Department, November 16, 1994

APPEARANCES OF COUNSEL

*Falk & Siemer,* Buffalo *(Peter B. Magnuson* of counsel), and *Lord, Bissell & Brook,* Chicago, Illinois *(Robert B. Robinson,* of the Illinois Bar, admitted *pro hac vice,* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle,* Rochester *(Allan Hymes* of counsel), for respondent.

### OPINION OF THE COURT

LAWTON, J.

Plaintiff insurer, Peter T. Price, individually and as a representative underwriter on behalf of certain underwriters at Lloyd's, London, commenced this declaratory judgment action seeking a declaration that he is not obligated to provide insurance coverage to defendant insured, Brown Group, Inc., for a claim arising from the closure of a landfill in Gowanda, New York. Subsequently, defendant commenced an action against plaintiff raising that issue in the Circuit Court of the City of St. Louis, Missouri.

Both actions arise from an insurance contract wherein plaintiff provided coverage under a general liability insurance policy to defendant, Brown Shoe Company, Inc. (now known as the Brown Group, Inc.), and Moench Tanning Company, a division of defendant, for the period June 1, 1956 to June 1, 1959. The policy contains a "Service of Suit" clause that provides in pertinent part: "It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of

the insured (or reinsured) will *submit to the jurisdiction of any Court* of competent jurisdiction *within the United States* and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court" (emphasis supplied).

Defendant, a New York corporation, and its Moench Tanning Company division owned and operated a tannery in Gowanda since about 1865. The "Palmer Street Landfill" located at the Moench tannery site was used for the disposal of tannery wastes from an unknown date until 1983, when the landfill reached capacity. In 1984, the New York regional office of the United States Environmental Protection Agency ordered Moench Tanning Company to close the landfill in accordance with Federal laws and regulations governing active hazardous waste landfills. Moench Tanning Company agreed to close the site. In 1989, defendant advised plaintiff that it would seek insurance coverage for the costs associated with closing the landfill. After investigating the claim, plaintiff advised defendant that no coverage was available for the closure costs. Thereafter, plaintiff commenced this action followed by defendant's commencement of the Missouri action.

Defendant brought a motion pursuant to CPLR 327 for dismissal of this action on forum non conveniens grounds. Defendant contended that dismissal is required because the "Service of Suit" clause permits it to select the forum, regardless of whether plaintiff had already filed suit. Plaintiff contended that the "Service of Suit" clause merely provides consent to jurisdiction and service of process and does not give defendant the exclusive right to choose the forum. He further contended that New York is an appropriate and convenient forum for the resolution of this dispute. Supreme Court granted defendant's motion, holding that the "Service of Suit" clause operates as a "forum selection" clause permitting defendant to choose the forum where disputes arising under the contract will be litigated. We reverse.

The issue whether the "Service of Suit" clause common to policies issued by the underwriters at Lloyd's, London, is a choice of forum clause has not been definitively decided in this State. For reasons hereinafter stated, we hold that the "Service of Suit" clause is not a "choice of forum" provision. Historically, courts have looked with disfavor upon private agreements that restrict or confine jurisdiction. That reluctance has weakened over the years, culminating in the United

States Supreme Court holding in *The Bremen v Zapata Off-Shore Co.* (407 US 1) that the right of parties to limit jurisdiction is protected under the constitutional right to contract. That Court recognized that courts should not interfere with parties' agreements to designate a specific venue for determination of controversies that may arise out of contract.

It is now well settled that forum selection clauses are prima facie valid *(see, British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,* 172 AD2d 234). In order to set aside such a clause, a party must show that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, i.e., a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court *(The Bremen v Zapata Off-Shore Co., supra,* at 12-18; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, supra; Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270; *Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336, 339-341).

There is a split of authority, however, whether the present "Service of Suit" clause is a forum selection clause. The First Department has held that an identical provision operated as a "forum selection clause" that allowed the insured the right to commence an action in the forum of its choosing and to preclude the insurer from choosing the forum by filing first *(Rokeby-Johnson v Kentucky Agric. Energy Corp., supra).* Other jurisdictions have disagreed with *Rokeby-Johnson,* holding that provisions like the one at issue do not allow an insured to defeat, by the subsequent filing of an action, an insurer's otherwise valid action for a declaratory judgment *(see, International Ins. Co. v McDermott Inc.,* 956 F2d 93, *cert denied* — US —, 121 L Ed 2d 46; *accord, St. Paul Surplus Lines Ins. Co. v Mentor Corp.,* 503 NW2d 511 [Minn]). In *McDermott (supra,* at 95-96), the Fifth Circuit held that, when an "action is first instituted by the insurer, the Service of Suit clause simply has no application."

An examination of the language of the provision, which is generally contained in policies issued through Lloyd's, London, does not indicate that defendant has been given the right to select the forum where plaintiff has filed suit first. The first paragraph of the clause states that the plaintiff "at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States." The remaining three paragraphs discuss the

method by which plaintiff may be served with process in an action brought by defendant.

The purpose of that clause was discussed in *In re Delta Am. Re Ins. Co.* (900 F2d 890, 893, *cert denied sub nom. Wright v Arion Ins. Co.*, 498 US 890). The Sixth Circuit stated: "[i]t would be more appropriate to describe [the Service of Suit clause] as a 'submit to the jurisdiction of a court within the United States' clause." In addition, the California Court of Appeals in discussing the origin and purpose of the Lloyd's provision noted: " '[The Service of Suit] clause was voluntarily developed by Lloyd's of London many years ago, as a response to competitor's arguments that Lloyd's was not amenable to process in the United States and that the potential customer should therefore place its business with a domestic company that was subject to service of process' " *(Appalachian Ins. Co. v Superior Ct.*, 162 Cal App 3d 427, 432, 208 Cal Rptr 627, 629). There is nothing in the wording of the provision that would lead one to the conclusion that it entailed more than plaintiff's voluntary submission to the jurisdiction of the courts of the United States. It does not state that defendant has the exclusive right to select the court where all disputes arising under the contract are to be resolved. The "Service of Suit" clause does not by its terms preclude plaintiff from filing an action to adjudicate its rights under the contract, nor does it prescribe the forum for the action. It is unreasonable to infer that plaintiff has no rights in that regard.

In *Rokeby-Johnson v Kentucky Agric. Energy Corp.* (108 AD2d 336, *supra),* Presiding Justice Murphy placed great reliance upon the 1972 United States Supreme Court decision in *The Bremen v Zapata Off-Shore Co.* (407 US 1, *supra)* and other New York cases that upheld the validity of specific forum selection clauses. No distinction was made in that case between the specific forum designation clauses contained in the cases relied upon and a "Service of Suit" clause that provided that plaintiff consented to United States jurisdiction and specified the manner of service of process. That distinction, however, has been recognized by other courts. In *Appalachian Ins. Co. v Superior Ct.* (162 Cal App 3d, *supra,* at 439, 208 Cal Rptr, *supra,* at 634), the court stated:

"Finally, we stress the critical distinction between this case and cases which have enforced contractual clauses which achieve certainty and predictability by providing for a specific forum. * * *

"The difference between *The Bremen* and the case at bench lies in the type of forum selection clause involved. In *The Bremen* selection of the specific forum in London was 'clearly a reasonable effort to bring vital certainty to this international transaction and to provide a neutral forum' * * *

"In contrast, the service of suit clause involved here provided no certainty, as it did not specify a particular forum" *(see also, In re Delta Am. Re Ins. Co.,* 900 F2d 890, 893, *supra).*

Unlike the provisions in *The Bremen (supra)* and the other cases relied upon by the First Department in *Rokeby-Johnson (supra),* the instant provision does not state that a single forum was agreed upon by the parties to resolve all disputes. Thus, there is no agreement between the parties that jurisdiction should be limited to a particular venue, which would bring into play *The Bremen* rationale. To the contrary, the very opposite would result under *Rokeby-Johnson,* viz., any jurisdiction, no matter how remote, if selected by the insured, must hear and decide the dispute, even if the insurer had previously commenced an action in an appropriate jurisdiction. That drastic result should, if at all, only occur where the contractual provision clearly expresses that intent. Here, that intent is lacking.

When there is a dispute between an insured and an insurer, there is no reason to deny the insurer the right to judicial assistance in an appropriate forum. The concern that such a conclusion would result in "races to the courthouse" does not warrant a different result. Unlike *Rokeby-Johnson (supra),* there is no evidence that plaintiff delayed its final rejection of defendant's claim to enable plaintiff to commence its action first. Furthermore, we agree with the court in *McDermott (supra,* at 96) that to permit an insured effectively to block an otherwise valid action brought by an insurer would be worse. Consequently, we conclude that Supreme Court erred in holding as a matter of law that defendant was entitled to dismissal.

■ The remaining question is whether, given the facts presented, dismissal is warranted on the ground of forum non conveniens. Supreme Court concluded as a matter of law that New York is not a proper forum for this litigation. Consequently, it did not analyze any factors related to convenience in its decision. We will, therefore, undertake that analysis.

The doctrine of forum non conveniens is based upon considerations of fundamental fairness and sensible, effective judi-

cial administration *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479-480, *cert denied* 469 US 1108; *Waterways Ltd. v Barclays Bank,* 174 AD2d 324; *ACLI Intl. v E.D. & F. Man [Coffee],* 76 AD2d 635). Factors to be considered in determining whether jurisdiction should be retained in New York include the potential hardship to defendant, the burden on New York courts, and the availability of an alternative forum in which plaintiff may bring suit *(see, Islamic Republic of Iran v Pahlavi, supra,* at 479). The moving party bears the burden of proving that an alternative forum is more appropriate *(see, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 74).

Defendant contends that Missouri is a more appropriate forum than New York because the policies were issued to defendant in Missouri, defendant has 17 sites in Missouri and plaintiff has the resources to litigate anywhere. None of those factors is compelling, much less determinative *(see, Atlantic Mut. Ins. Co. v Cadillac Fairview US,* 125 AD2d 181, 184, *lv denied* 69 NY2d 613). Moreover, when compared with the substantial connections with New York (i.e., defendant is incorporated in New York and the landfill for which coverage is sought is in New York), those facts are insufficient to meet defendant's burden. Indeed, New York courts have repeatedly held that the location of a waste disposal site is determinative of the appropriate forum *(see, Continental Ins. Co. v Polaris Indus. Partners,* 199 AD2d 222; *Continental Ins. Co. v AMAX Inc.,* 192 AD2d 391, *lv denied* 82 NY2d 835; *Employers Ins. of Wausau v UniDynamics Corp.,* 183 AD2d 657, 658, *lv denied* 80 NY2d 757; *Avnet, Inc. v Aetna Cas. & Sur. Co.,* 160 AD2d 463).

It is appropriate, therefore, for this case to be resolved in New York, where the environmental offense originated, where the regulatory agency connected with the offense is located and where, presumably, the majority of the witnesses reside *(see, Atlantic Mut. Ins. Co. v Cadillac Fairview US, supra,* at 184). Defendant will not suffer an extreme hardship by that choice of forum because it is incorporated in New York and most of the proof necessary for litigation is in New York. The record establishes that New York is a "just, fair and convenient" forum for the resolution of this dispute *(Islamic Republic of Iran v Pahlavi, supra,* at 479-480).

Accordingly, the order appealed from should be reversed, defendant's motion denied and the complaint reinstated.

BALIO, J. P., WESLEY, DOERR and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, motion denied and complaint reinstated.