CINERGY CORPORATION, PSI Energy, Incorporated, and The Cincinnati Gas & Electric Company, Appellants–Plaintiffs,

v.

ST. PAUL SURPLUS LINES INSURANCE COMPANY, Aetna Casualty & Surety Company, Allianz Underwriters, Inc., American National Fire Insurance Company, Associated Electric & Gas Insurance Services, Ltd., California Union Insurance Company, Employers Mutual Insurance Company, Energy Insurance Mutual, Ltd., First State Insurance Company, Great American Insurance Company, Harbor Insurance Company, Highlands Insurance Company, Insurance Company of the State of Pennsylvania, International Insurance Company, International Surplus Lines Insurance Co., Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., Republic Insurance Company, Royal Indemnity Company, Safety Mutual Casualty Corporation, Transamerica Premier, and Underwriters at Lloyds, London, Appellees–Defendants.

No. 49A02–0206–CV–503.

Court of Appeals of Indiana.

March 17, 2003.

---

George M. Plews, Frederick D. Emhardt, Plews Shadley Racher & Bruan, Indianapolis, IN, Donald P. Bogard, Plainfield, IN, Attorneys for Appellants.

Bryce H. Bennett, Jr., Michael Patrick Dugan, Riley Bennett & Egloff, Indianapolis, IN, Jan M. Michaels, Steven Schulwolf, Fedota Childers & May, Chicago, IL, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Cinergy Corporation, PSI Energy, Inc., and The Cincinnati Gas & Electric Co. (collectively, Cinergy) challenge two trial court determinations that the Hendricks Superior Court, not the Marion Superior Court, should adjudicate Cinergy's dispute with St. Paul Surplus Lines Insurance Company (St. Paul), and with multiple other insurance carriers, concerning coverage for environmental damage.[1] We affirm.

### Issues

Cinergy presents four issues, which we consolidate and restate as:

I. Whether the Marion Superior Court properly dismissed Cinergy's declaratory judgment action on the ground that the same action was pending in Hendricks County;

II. Whether the Hendricks Superior Court is an incorrect venue pursuant to Indiana Trial Rule 75(A)

---

1. Cinergy also filed a Request for Oral Argument, which we hereby deny.

where "service of suit" clauses in some insurance policies provided that, at Cinergy's request, the insurers would submit to the jurisdiction of any court of competent jurisdiction within the United States; and

III. Whether the Hendricks Superior Court was required to stay or dismiss St. Paul's declaratory judgment action under Indiana Trial Rule 42(D) or, in the alternative, whether both the Hendricks County Action and the Marion County Action should proceed.

## Facts and Procedural History

PSI, an Indiana corporation, owns and operates a number of electrical generating plants in Indiana. CG&E operates such plants in Ohio and Kentucky. Cinergy Corporation resulted from the 1994 merger of PSI Resources, Inc., the parent of PSI, and CG&E. St. Paul had issued one insurance policy to PSI[2] for the period October 31, 1983 to October 31, 1984 (first St. Paul policy), and another to CG&E, effective July 1, 1985 to July 1, 1986 (second St. Paul policy).

In early 2000, the United States of America filed an amended complaint against Cinergy, averring environmental damages. *United States v. Cinergy Corp., PSI Energy, Inc., Cincinnati Gas & Electric Co.*, No. IP99–1693–C–Y/G (S.D. Ind., amended complaint filed Mar. 1, 2000). The gravamen of the action is that, in the

1980s and 1990s, Cinergy improperly modified three generating stations in Indiana and one in Ohio, causing excessive emissions of air pollutants. Without mentioning a specific policy, Cinergy notified St. Paul of the underlying action in a letter requesting defense and indemnity. On October 31, 2000, St. Paul filed a fifteen-count Complaint for Declaratory Judgment in Hendricks County, PSI's principal place of business (the Hendricks County Action), seeking a determination of no coverage under the first St. Paul policy. Cinergy answered and filed a counterclaim. In the course of discovery, St. Paul requested the names of other insurers, policy periods, and insurance limits. Objecting on grounds of burden and ambiguity, Cinergy did not provide those names.

The trial court set the case for trial and ordered the parties to negotiate a case management order (CMO) and confidentiality agreement. On December 31, 2001, the court entered a CMO giving the parties ninety days to add parties and to amend pleadings without leave of court. After March 31, 2002, the pleadings were to be amended in accordance with the ordinary application of the Indiana Trial Rules. On February 15, 2002, before ninety days had elapsed, Cinergy filed its own Complaint for Declaratory Judgment and Damages in Marion County (the Marion County Action), naming as defendants St. Paul and twenty-one other insurers from whom the company had purchased insurance during the relevant time.[3] Ninety-three addi-

---

2. The record shows that the named insured is Public Service Company of Indiana, Inc.

3. Cinergy named the following defendant-insurers in its original complaint: Aetna Casualty & Surety Company, Allianz Underwriters Inc., American National Fire Insurance Company, Associated Electric & Gas Insurance Services, Ltd., California Union Insurance Company, Employers Mutual Insurance Company, Energy Insurance Mutual, Ltd., First

State Insurance Company, Great American Insurance Company, Harbor Insurance Company, Highlands Insurance Company, Insurance Company of the State of Pennsylvania, International Insurance Company, International Surplus Lines Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., Republic Insurance Company, Royal Indemnity Company, Safety Mutual Casualty

tional insurance contracts were implicated. That same month, Cinergy asked the Hendricks Superior Court to exercise its discretion under Trial Rule 42(D) to stay or dismiss the Hendricks County Action. The court denied that motion on March 6, 2002, and Cinergy did not appeal that order.

Meanwhile, on March 5, 2002, before the case management order deadline, St. Paul amended its Hendricks County complaint by adding as "Additional Plaintiff Insurers" the twenty-one insurer-defendants named by Cinergy in the Marion County Action. St. Paul also added two counts: Count XVI sought a determination of the rights and obligations of the additional plaintiff insurers; Count XVII sought a determination of St. Paul's rights and obligations under the second St. Paul policy. St. Paul then moved to dismiss the Marion County Action under Indiana Trial Rule 12(B)(8), claiming that the same action was pending in Hendricks County.

Similarly, Cinergy filed a Motion to Dismiss Amended Complaint in the Hendricks Superior Court. In essence, Cinergy argued that its Marion County Action was the first action pending and that "service of suit" provisions gave it the right to select a forum. Cinergy also asked the Hendricks Superior Court to exercise its discretion to stay or dismiss the action filed there.

On May 31, 2002, the Marion Superior Court granted St. Paul's motion to dismiss the Marion County Action. The trial court did not articulate reasons for its decision. The next month, on June 17, 2002, the Hendricks Superior Court denied Cinergy's motion to dismiss the Hendricks County Action. The trial court noted there was no longer a case pending in Marion County and concluded that, even if the Marion County Action were still pending, Cinergy's motion would fail because the Hendricks County Action was the first filed under Indiana Trial Rules 12(B)(8) and 15(C). The court also rejected Cinergy's argument that the service of suit provision, found in a minority of insurance contracts, gave Cinergy the right to select a new forum for the dispute some sixteen months after St. Paul had commenced the action. Cinergy appeals both the Marion County and Hendricks County rulings.[4]

### Discussion and Decision

### I. Same Action Pending under Trial Rule 12(B)(8)

 Cinergy first contends that the Marion Superior Court erroneously granted St. Paul's motion to dismiss the Marion County Action. As a general principle, when an action is pending before one Indiana court, other Indiana courts must defer to that court's authority over the case. *Rios v. Rios*, 717 N.E.2d 187, 190 (Ind.Ct.App.1999). Courts observe such deference in the interests of fairness to

Corporation, St. Paul Surplus Lines Insurance Company, Transamerica Premier, and Underwriters at Lloyds, London. In an amended complaint filed April 2, 2002, Cinergy added Transit Casualty Company as a defendant.

4. The following insurers have joined in St. Paul's Brief, in whole or in part: American National Fire Insurance Company (named in complaints as Great American Insurance Company); Associated Electric & Gas Insurance Services, Ltd.; Century Indemnity

Company, successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; Continental Insurance Company, successor in interest to Harbor Insurance Company; Employers Mutual Casualty Company; First State Insurance Company; Highlands Insurance Company; The Insurance Company of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; Royal Indemnity Company; TIG Insurance Company f/k/a/ TransAmerica Premier.

litigants, comity between and among the courts of this State, and judicial efficiency. *Id.*

■ Trial Rule 12(B)(8) implements this principle by allowing dismissal of an action on the ground that the same action is pending in another Indiana court. *Davidson v. Perron,* 716 N.E.2d 29, 35 (Ind.Ct. App.1999).[5] Thus, the Rule prevents two courts from concurrently entertaining the same case. *Crawfordsville Apartment Co. v. Key Trust Co.,* 692 N.E.2d 478, 480 (Ind.Ct.App.1998). The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *Davidson,* 716 N.E.2d at 35. That outcome determinative test requires that one of two contemporaneous lawsuits be dismissed where the parties, subject matter, and remedies are substantially the same in both actions. *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.,* 467 N.E.2d 37, 40 (Ind.Ct.App.1984).

■ Here, the parties agree that the Hendricks County Action as amended and the Marion County Action are substantially the same case. When two courts have concurrent jurisdiction over the same case, the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive so that the case is "pending" within the meaning of Trial Rule 12(B)(8). *Pivarnik v. N. Ind. Pub. Serv. Co.,* 636 N.E.2d 131, 135 (Ind.1994). In Indiana, jurisdiction over a case becomes exclusive in the court in which the case is first validly instituted. *Id.* In order to determine which case was first filed under the Rule, we determine whether St. Paul's amendment relates back to the original filing of its declaratory judgment action. If relation back applies, the Hendricks County Action is the first validly initiated action, even though St. Paul amended its complaint after Cinergy filed the Marion County Action.

### A. Relation Back under Trial Rule 15(C)

■ To resolve the issue, we initially turn to Indiana Trial Rule 15(C), which provides in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

T.R. 15(C). Whether to grant a Trial Rule 15(C) motion is a matter for the trial court's discretion. *Hupp v. Hill,* 576 N.E.2d 1320, 1327 (Ind.Ct.App.1991). "In reviewing a discretionary motion, we gen-

---

5. Cinergy also challenges the Hendricks Superior Court order on Trial Rule 12(B)(8) grounds. In its Appellant's Case Summary, however, Cinergy observes that the Hendricks County order is interlocutory in nature and, thus, appealable only as a matter of right under Indiana Appellate Rule 14(A)(8), transferring or refusing to transfer a case under Trial Rule 75. Accordingly, we discuss Trial Rule 12(B)(8) as it applies to the Marion Superior Court order only.

erally affirm if there is any rational basis for the trial court action." *Palacios v. Kline,* 566 N.E.2d 573, 575 (Ind.Ct.App. 1991).

Notably, Trial Rule 15(C) speaks of adding parties against whom the action has been brought; however, our courts have interpreted the Rule to permit the addition of a party plaintiff when there is no prejudice to the defendant. *See, e.g., Anderson v. Scott,* 575 N.E.2d 672, 675 (Ind.Ct.App. 1991) (affirming order denying the addition of an injured plaintiff's wife alleging loss of consortium); *Benke v. Barbour,* 450 N.E.2d 556, 559 (Ind.Ct.App.1983) (holding that the owner of a vehicle involved in a collision was properly added as a plaintiff to pursue the property damage claim); *see also* WILLIAM F. HARVEY, 2 INDIANA PRACTICE, RULES OF PROCEDURE ANNOTATED § 15.8, at 76 (3rd ed. 2000) (stating that adding a party plaintiff is permitted where there is no additional "burden" that might be imposed on the defendant, i.e., "evidence and gathering information for the defense of the action"). As the *Anderson* court explained, new plaintiffs must have already been involved in the action in some manner, so that the defendant was on notice that it was in effect already defending the action against the additional plaintiffs. *Anderson,* 575 N.E.2d at 674 (citation omitted).

There is no binding Indiana authority discussing relation back of an amendment adding plaintiffs involved in independent insurance contracts with overlapping coverage issues. Because Indiana's Trial Rule 15(C) is similar to the federal rule, however, we may look to federal law for guidance. *Id.* at 673. A leading treatise on the subject states that the federal rule will not authorize relation back when the plaintiff attempts to allege an entirely different transaction by amendment. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1497, at 70–73 (2d ed. 1990). For example, amendments alleging the breach of an independent contract may be subject to a statute of limitations defense due to a failure to meet the transaction standard. *Id.* at 73–74.

As the above suggests, most cases discussing relation back arise in the context of a statute of limitations problem, so that a party may not be added unless the standard for relation back is met. *See Pivarnik,* 636 N.E.2d at 136. This case, however, does not invoke the policy considerations upon which statutes of limitation are premised, namely, guarding against stale claims, lost evidence and faulty memories of witnesses. *See McCarty v. Hosp. Corp. of Am.,* 580 N.E.2d 228, 231 (Ind.1991). In fact, in the present case Cinergy does not challenge the amendment itself but, rather, insists that the amendment should not relate back, effectively making its Marion County Action the first filed action.

Our Supreme Court recently considered the effect of Trial Rule 15(C) when the issue is jurisdiction over a case. *See Pivarnik,* 636 N.E.2d at 136. The Court, however, did not establish a more lenient standard for relation back when raised in a jurisdictional context. *See id.* (holding that an amendment adding a third-party defendant related back to the original third-party complaint where the same claims regarding the same occurrence were made against the new party and where the new party had notice of the action against him within the limitations period). Accordingly, we apply the Rule to the facts of the present case.

■ Here, St. Paul's original complaint asked the Hendricks Superior Court to determine the rights and obligations of St. Paul and Cinergy regarding a single insurance policy issued to PSI for the year 1984–85. The amendments did not direct-

ly pertain to that contract. Instead, claims were added based upon a second St. Paul policy issued to CG&E for a different policy period. St. Paul further added twenty-one plaintiff insurers implicating over ninety additional policies insuring four sites over a period exceeding a decade. The legal rights and obligations of the insured and insurers will be largely determined from the language of the separate contracts.

The underlying federal action alleges multiple violations of federal law. Although coverage issues all relate to that lawsuit, the Indiana declaratory judgment action is not a continuation of the underlying suit. Additionally, we are not persuaded that the new party plaintiffs were so involved in the action that Cinergy was on notice that it was already defending a declaratory judgment action against those insurers. Under these facts, we must conclude that the amended complaint does not arise from the same conduct, transaction, or occurrence set forth in the original pleading.[6] Consequently, the amended complaint does not relate back to the date of the original complaint. Our conclusion, however, does not compel the result Cinergy seeks.

### B. Case Management Order

■ Before Cinergy filed its Marion County Action, the Hendricks Superior Court ordered the parties to meet and draft a case management agreement. The court adopted a detailed case management order (CMO) on December 31, 2001. Included therein was the following directive: "Additional parties may be added and pleadings may be amended without leave of court within ninety (90) days of the execution of this Order. Thereafter, parties may be added and pleadings amended in accordance with the ordinary application of the Indiana Trial Rules." (Appellant's App. at 283.)

This Court recently considered the import of a case management order such as the one at issue. *See Travelers Indem. Co. v. P.R. Mallory & Co.*, 772 N.E.2d 479 (Ind.Ct.App.2002). In *Mallory*, we recognized that our courts strongly favor settlement agreements in resolving disputes and controversies. *Id.* at 485. This is because settlement agreements allow courts to operate more efficiently and allow parties to fashion the outcome of their disputes. *Id.* Observing that the case management order was the product of an agreement between the parties, we viewed the order as the "functional equivalent" of a settlement agreement, "in the nature of a contract," sanctioned by court order. *Id.*

In this case, the parties did not agree that litigation is to be conducted exclusively in the Hendricks Superior Court. *See id.* at 485–86 (construing case management order and finding lack of agreement to litigate in one forum). However, the CMO permitted additional parties to be added until March 31, 2002, without leave of court. After that date, parties could be added only in accordance with the trial rules. Here, St. Paul amended its complaint in a timely fashion in agreement with the CMO. A technical application of Trial Rule 12(B)(8) would give no force and effect to that agreement. Under the facts presented, the Marion Superior Court

---

6. We further agree with Cinergy that addition of the insurers is akin to permissive joinder of parties under Indiana Trial Rule 20(A), which permits persons to join in one action as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, *or series of transactions or occurrences* and if any question of law or fact common to all these persons will arise in the action." (Emphasis supplied.) "Unwilling plaintiffs" who could join under the Rule may be joined by a plaintiff as defendants. T.R. 20(A).

properly granted St. Paul's motion to dismiss.

## II. Incorrect Venue under Trial Rules 12(B)(3) and 75

As an independent reason for litigating in Marion County, Cinergy relies upon Indiana Trial Rules 12(B)(3) and 75. Trial Rule 12(B)(3) provides that "at the option of the pleader, the following defenses may be made by motion: ... (3) Incorrect venue under Trial Rule 75, or any statutory provision." The relevant part of Trial Rule 75 reads:

Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements *or is not authorized to decide the case* and that the court or county selected has pre-

ferred venue *and is authorized to decide the case.*

T.R. 75(A) (emphasis added).[7]

Cinergy directs us to "service of suit" clauses found in the second St. Paul policy as well as a minority of other policies. The provision requires the insurers, upon Cinergy's request, to submit to the jurisdiction of any court of competent jurisdiction within the United States and to comply with all requirements necessary to give that court jurisdiction.[8] Citing the emphasized language from Trial Rule 75(A), Cinergy insists that, since it chose Marion County, the Hendricks Superior Court is not authorized to hear the case. In the alternative, Cinergy maintains that the service of suit provision is ambiguous and should be construed in its favor.

### A. Standard of Review

▮ A trial court's order on a motion to transfer venue under Trial Rule 75(A) is an interlocutory order, generally reviewed for an abuse of discretion. *City of South Bend, Dep't of Pub. Works v. D & J Gravel Co.*, 727 N.E.2d 719, 721 (Ind.Ct.App. 2000). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.*

---

**7.** We acknowledge that Cinergy styled its motion as one to dismiss the amended complaint in Hendricks County, as the Marion County Action was pending at the time. Typically, when a claim or proceeding is incorrectly filed in one court and proper objection is made, "the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed." Ind. Trial Rule 75(B)(1).

**8.** The second St. Paul policy, under the heading *"Service of Suit,"* reads in part:

It is agreed that in the event of the failure of this Company hereon, to pay any amount claimed to be due hereunder, this Company

hereon, at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

(Appellant's App. at 1089.) Cinergy lists the following insurers as having similar provisions in one or more policy: Associated Electric & Gas Insurance Services, Ltd., California Union Insurance Company, First State Insurance Company, Safety Mutual Casualty Corporation, Transit Casualty Company, and Lloyds of London.

The question before us also involves contract interpretation, primarily a question of law for the court. *Shelter Ins. Co. v. Woolems,* 759 N.E.2d 1151, 1155 (Ind.Ct. App.2001), *trans. denied.* Although ambiguities are construed in favor of the insured, clear and unambiguous policy language must be given its ordinary meaning. *Earl v. Am. States Preferred Ins. Co.,* 744 N.E.2d 1025, 1027 (Ind.Ct.App.2001), *reh'g denied, trans. denied.*

### B. Analysis

▮ No Indiana case construes the service of suit provision in the context of Trial Rule 75, but Cinergy directs us to *Russell Corporation v. American Home Assurance Co.,* 264 F.3d 1040 (11th Cir. 2001). In *Russell,* the insured brought suit in Alabama state court against a group of twenty-three insurance companies to determine whether there was coverage for contamination to a lake and surrounding property. Two of the insurers timely removed the case to federal district court based on diversity jurisdiction, but an insurer had agreed to "submit to the jurisdiction of any Court of competent jurisdiction within the United States" and to "comply with all requirements necessary to give such Court jurisdiction[.]" *Id.* at 1043. The district court found that the clause prevented the insurer from consenting to removal and granted the policyholder's motion to remand for lack of unanimous consent to removal. On appeal of that decision, the Eleventh Circuit Court of Appeals agreed that the service of suit clause constitutes a waiver of the right to remove. *Id.* at 1047–50. Because all de-

fendants must consent to the removal of a case to federal court, the *Russell* court affirmed the district court's decision to remand. *Id.* at 1050.

We do not find *Russell* compelling. First, *Russell* was decided in the federal context. Federal courts are courts of limited jurisdiction that strictly construe the right to remove. *Id.* Additionally, in *Russell* the insured filed the first suit while, here, it was the insurer, St. Paul. Even federal authority suggests that, in that instance, the service of suit provision does not have the force that Cinergy urges. *See Int'l Ins. Co. v. McDermott, Inc.,* 956 F.2d 93, 95–96 (5th Cir.1992) ("[T]he Service of Suit clause itself speaks only to actions brought by the insured. Thus, when the action is first instituted by the insurer, the Service of Suit clause simply has no application."), *cert. denied,* 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

Sister courts have also examined the breadth of the service of suit provision. In *Price v. Brown Group, Inc.,* 206 A.D.2d 195, 619 N.Y.S.2d 414 (N.Y.App.Div.1994), the insurer commenced a declaratory judgment action in New York state court. Thereafter, the defendant-insured filed suit in Missouri state court on the same issue. The relevant insurance policy contained a service of suit clause.[9] The New York trial court dismissed the first action on the ground that the provision operates as a "forum selection" clause, permitting the policyholder to choose the forum for resolution of contractual disputes. *Id.* at 197, 619 N.Y.S.2d 414.

The New York Supreme Court, Appellate Division, differentiated the more gen-

---

9. That policy read:

"It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the insured (or reinsured) will *submit to the jurisdiction of any Court* of competent jurisdiction *within*

*the United States* and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court" (emphasis supplied).

*Id.* at 196–97, 619 N.Y.S.2d 414.

eral service of suit clause from a specific choice of forum clause. *Id.* at 198, 619 N.Y.S.2d 414. The *Price* court observed that the service of suit provision does not indicate that the insured has the right to select the forum when the insurer has filed suit first. *Price,* 206 A.D.2d at 198, 619 N.Y.S.2d 414.[10] The *Price* court continued:

> There is nothing in the wording of the provision that would lead one to the conclusion that it entailed more than plaintiff's voluntary submission to the jurisdiction of the courts of the United States. It does not state that defendant has the exclusive right to select the court where all disputes arising under the contract are to be resolved. The "Service of Suit" clause does not by its terms preclude plaintiff from filing an action to adjudicate its rights under the contract, nor does it prescribe the forum for the action. It is unreasonable to infer that plaintiff has no rights in that regard.

*Id.* at 199, 619 N.Y.S.2d 414.

Similarly, in *Whirlpool Corp. v. Certain Underwriters at Lloyd's London,* 278 Ill. App.3d 175, 214 Ill.Dec. 901, 662 N.E.2d 467 (1996), the Illinois Appellate Court interpreted another service of suit provision in which the insurer had agreed to submit to the jurisdiction of any court of competent jurisdiction. The court refused to construe the clause as creating a binding forum selection clause and held that "the contract language in this case means that [the insurer] agreed to accept service

of suit in the state chosen by the plaintiff, this State, just as the title of the provision implies." *Id.* at 471.

We find the language in *Price* and *Whirlpool* persuasive. Further, we do not find the service of suit clause ambiguous as it relates to the question presented. The provision simply does not give Cinergy the unilateral right to choose a new venue after St. Paul had filed a valid declaratory judgment action. Stated otherwise, the service of suit provision did not deprive the Hendricks Superior Court of its authority to hear the case under Trial Rule 75. Cinergy's motion to dismiss on that basis was properly denied.

## III. Dismissal under Trial Rule 42(D)

In a separately enumerated issue, Cinergy asks this Court to order the Hendricks Superior Court to "exercise discretion ... under Trial Rule 42(D) to stay or dismiss the Hendricks County Action." (Appellant's Br. at 29.) Rule 42(D) explains the procedure and requirements to effectuate the consolidation of cases pending in different courts. Ind. Trial Rule 42(D); *Stern v. Gresk,* 583 N.E.2d 178, 179 (Ind. Ct.App.1991). The Rule also states:

> Nothing in this Rule shall restrict the equitable discretion of the court having the earliest filed action to dismiss or stay that action. If such an order is entered, that court shall no longer be considered the court in which is pending the action with the earliest filing date for purposes of this Rule.

T.R. 42(D).

At the outset, we note that Cinergy's first motion to dismiss or stay based on

---

**10.** The service of suit provision was developed by Lloyds of London as a response to competitors' arguments that Lloyds was not amenable to process in the United States and, thus, potential customers should do business with a domestic company that was subject to service of process. *Id.* at 199, 619 N.Y.S.2d 414.

Trial Rule 42(D) was denied on March 6, 2002, and Cinergy did not appeal that interlocutory order. This appeal involves the denial of Cinergy's later-filed motion to dismiss, also based in part on Trial Rule 42(D). But Cinergy appeals that interlocutory order as a matter of right only under Appellate Rule 14(A)(8), transferring or refusing to transfer a case under Trial Rule 75. Consequently, we need not consider the Trial Rule 42(D) issue.

In a final effort to prevail, Cinergy maintains that, if the Hendricks County Action is not stayed or dismissed, both actions should advance. We cannot agree. If the actions proceed separately, different state courts would address similar if not identical legal and factual issues, spawning unnecessary litigation. Consolidation of the actions avoids piecemeal litigation, inconsistent decisions between courts, and the unnecessary consumption of judicial resources, financed largely by public funds.

## Conclusion

We conclude that the Marion Superior Court properly dismissed the Marion County Action because, under the parties' agreement, St. Paul added parties in a timely fashion. The service of suit clauses do not divest the Hendricks Superior Court of authority to conduct the proceedings under Trial Rule 75. Finally, Trial Rule 42(D) presents no basis for reversal of the interlocutory Hendricks County order.

Affirmed.

ROBB and BARNES, JJ., concur.