RUCKER, Justice,
concurring in result in part and dissenting in part.
Because I believe the trial court correctly struck Reiswerg's motion for summary judgment on grounds that Reiswerg waived his statute of limitations defense by failing to raise it in response to Statom's motion for partial summary judgment, I respectfully dissent to Part I of the majority opinion. I concur in result to Part II.
The statute of limitations is an affirmative defense which must be both pleaded and proven by the party relying thereon. See Ind. Trial Rule 8(C). On the issue before us the law is well-settled and noncontroversial: an affirmative defense must be asserted in response to a motion for summary judgment. Otherwise the defense is waived. Flynn v. Klineman, 403 N.E.2d 1117, 1126 (Ind.Ct.App.1980). See also Madison Area Educ. Special Servs. Unit v. Daniels, 678 N.E.2d 427, 430 (Ind.Ct.App.1997), trans. denied (party waived affirmative defense of statute of limitations by failing to raise it until after trial court had ruled on summary judgment motion); Abbott v. Bates, 670 N.E.2d 916, 920 n.l (Ind.Ct.App.1996), trans. denied (defendant who raises an affirmative defense in its pleadings but subsequently fails to address the issue in opposition to a summary judgment motion waives the affirmative defense) (citations omitted).
In this case the majority says Reiswerg did not waive his affirmative defense of *34 statute of limitations because he had no obligation to raise it in response to Sta-tom's motion for summary judgment. This is so, according to the majority, because Statom's motion sought resolution only on "some but not all elements of liability...." Op. at 82. This assertion is not an easy lift for the majority. Indeed the majority labors mightily to support its position. But this case is not complicated. "Liability" is defined as "[t]he quality or state of being legally obligated or accountable." Black's Law Dictionary 997 (Oth ed. 2009). This legal obligation or accountability can arise in numerous contexts, for example: absolute liability, derivative liability, joint and several liability, premises liability, products liability, strict Hability, vicarious liability, ete. In the context of negligence, liability attaches in the event that negligence is shown. Mark v. Moser, 746 N.E.2d 410, 416 (Ind.Ct.App.2001).
To establish negligence in the practice of law, a plaintiff must demonstrate: "(1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." Solnosky v. Goodwell, 892 N.E.2d 174, 181 (Ind.Ct.App.2008) (emphasis added). Here, Sta-tom moved for partial summary judgment[1] on grounds that Reiswerg was "negligent as a matter of law," specifically asserting, "Reiswerg failed to comply with the standard of care in his representation of Statom and his breach of this duty eaused harm." Joint App. at 147-48. In plain terms Statom alleged, and presented Indiana Trial Rule 56 materials demonstrating, that she hired Reiswerg as her attorney thus creating a duty to her, that he breached that duty by failing to exercise ordinary skill and knowledge, and this breach caused her harm. The extent of harm was the only issue left remaining. There was nothing more Statom was required to allege-and as a practical matter nothing more she could have alleged-to establish Reiswerg's negligence on her legal malpractice claim. At this point Reis-werg was obligated to respond timely to Statom's motion for summary judgment, including offering up his statute of limitation defense, which is a complete bar to an action. Anderson v. Scott, 575 N.E.2d 672, 674 n. 4 (Ind.Ct.App.1991) (citing Simmons v. Fenton, 480 F.2d 133, 136 (7th Cir.1973)). When he failed to do so, the trial court properly granted summary judgment in Statom's favor, declaring in part that Reiswerg was "negligent as a matter of law" in that he "breached the standard of care in his representation of Ms. Statom and this breach caused [her] harm in that she lost the opportunity to pursue a meritorious medical malpractice claim." Joint App. at 37.
Under this State's long-standing and settled law, Reiswerg could not resurrect his statute of limitation defense in his own motion for summary judgment. It was too late. The defense had been waived. Easy case. The trial court properly struck Reiswerg's summary judgment motion, and its decision should be affirmed. Therefore on this issue I dissent. In all other respects I concur in the result reached by the majority.
SULLIVAN, J., concurs.

. This was a motion for partial summary judgment because negligence in the practice of law was only one of the claims Statom raised. She also alleged fraud and constructive fraud. Joint App. at 46-48.