**CITY OF CRAWFORDSVILLE,
Indiana, Appellant,**

v.

**Bonnie MICHAEL, Appellee.**

**No. 1–784A188.**

Supreme Court of Indiana.

Jan. 6, 1986.

James R. Earnshaw, Harding & Henthorn, P.C., Crawfordsville, for appellant.

Dean E. Richards, Indianapolis, for appellee.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., vote to deny transfer.

DeBRULER, J., dissents to the denial of transfer with opinion in which SHEPARD, J., concurs.

DeBRULER, Justice, dissenting to Denial of Transfer.

This case arose out of a head-on collision in Montgomery County on February 5, 1978, between a truck belonging to the City of Crawfordsville, being driven by the foreman of the city landfill while under the influence of alcohol in service of his own personal interests, one Adams, by name, and a truck being driven by one Michael. Michael was severely injured and brought this civil suit against the city. Adams was also convicted of criminal recklessness. A jury trial resulted in a verdict for plaintiff and a judgment against the city in the sum of $300,000. The Court of Appeals, First

District, reversed in *City of Crawfordsville v. Michael* (1985), Ind., App., 479 N.E.2d 102. Transfer should be granted in this case and the judgment of the trial court affirmed. A majority of the court has however denied transfer.

This civil action commenced by the filing of a complaint on July 17, 1978, alleging that the city was vicariously liable for the injury caused by Adams' negligent driving through the doctrine of *respondeat superior*. Allegations in support of this claim included Adams' authorization to operate the truck and his operation within the scope of his city employment at the time of the collision. On November 15, 1983, plaintiff was granted leave to amend by adding a count seeking recovery against the city because of negligent conduct of the city in retaining Adams as an employee and entrusting him with its truck and permitting him to operate it on the public roads after regular working hours when the city knew or should have known in the exercise of reasonable care of his history of driving and alcohol offenses. The Court of Appeals held that the judgment could not stand because this amendment had been barred by the two year statute of limitations since it constituted a completely new and distinct cause of action, one based upon negligence of the city itself, whereas the original complaint had been based upon *respondeat superior* liability of the city.

The question of whether a proposed amendment to a pleading is barred by the statute of limitations is governed by Trial Rule 15(C). When such an amendment is presented for filing after the time limitation in the statute expires, and does not seek to bring a party into the case, it is to be permitted as timely if the conditions in the following pertinent part of the rule are met:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

**160**

Prior to Trial Rule 15(C), Indiana courts had dealt many time with the same legal problem. In *Oolitic Stone Co. v. Ridge* (1910), 174 Ind. 558, 91 N.E. 944, this court stated the common law rule:

"As a general rule the authorities affirm that an amendment to a complaint relates back to the time of the commencement of the action, but in a case where a new and independent right of action is brought in by the amendment, in applying the statute of limitations, reference must be had to the time the amended complaint is filed. In determining the question, however, the court must look to the *substantial nature of the claim* introduced into the action by the amendment, and not to the formal manner in which it is declared upon as the basis of a legal liability." (emphasis added)

In the case, the trial court was found to have properly permitted an untimely amendment which stated a claim against the defendant employer grounded in the common law, whereas the initial complaint had been based upon a statutory claim.

The court's analysis included the observance that the facts set up in support of the complaint and the amended complaint were virtually the same. It is apparent that the call of the common law rule to look to the "substantial nature of the claim" and the call of the trial rule to look to "conduct, transaction, or occurrence" are much the same and require the court applying the rule to give emphasis to the role of factual circumstances.

It is my view that the Court of Appeals in the case at bar as well as in the recent case of *Beta Alpha Shelter of Delta Tau Delta v. Strain* (1983), Ind.App., 446 N.E.2d 626 has shown a tendency to take an unduly rigid approach in applying the rule, in that it has not given adequate weight to the factual circumstances. The general set of facts initially relied upon include Adams' conduct in driving the city truck, drinking alcohol, the collision, the injuries to Michael, Adams status at the time as a city employee, and the conduct of the city supervisors in setting the scope of Adams' employment. The factual dimension added to these by the amendment includes Adams' history of driving and alcohol abuse and the knowledge of city supervisors of such history, as they went about assigning him tasks and dealing with him. Based upon a factual analysis of this type, it was clearly reasonable for the trial court to declare that the claim in the new count for direct negligence of the city in retaining Adams and entrusting the truck to him in off-duty hours arose out of the "conduct, transaction, or occurrence" initially relied upon. I would therefore uphold that declaration, the submission to the jury upon that count, and the verdict and judgment against the city.