**John W. McCARTY, Plaintiff–Appellant,**

v.

**HOSPITAL CORPORATION OF AMER-ICA, and Terre Haute Regional Hospital, Defendants–Appellees.**

No. 77A01–9007–CV–288.

Court of Appeals of Indiana,
First District.

Oct. 22, 1990.

Mary A. Findling, Price & Shula, Indianapolis, Eric A. Frey, Frey, Hunt, Hassler & Lorenz, Terre Haute, for plaintiff-appellant.

John D. Nell, Julie L. Michaelis, Wood, McLaughlin & Sterner, Indianapolis, for defendants-appellees.

BAKER, Judge.

Plaintiff-appellant John W. McCarty (McCarty) appeals the trial court's grant of judgment on the pleadings in favor of defendant-appellees Hospital Corporation of America and Terre Haute Regional Hospital (the Hospital). The sole issue presented for our review is whether McCarty's amended complaint relates back to the time of the original complaint, thus bringing the amended claims within the statute of limitations. We reverse.

## FACTS

On October 1, 1982, McCarty filed his complaint for damages against the Hospital, alleging that cervical disc excision surgery performed on him at the hospital on February 5, 1981, was unnecessary. He also filed a complaint against Dr. Manuel Cacdac (Cacdac), the doctor who performed the surgery, asserting virtually the same claims as in his complaint against the Hospital. The two cases were consolidated. On January 15, 1988, McCarty filed a motion for leave to file an amended complaint, which the court granted. Subsequently, the Hospital filed a motion for partial judgment on the pleadings arguing that counts V through IX of the amended complaint were barred by the statute of limitations.[1] The court granted this motion pursuant to Trial Rule 12(C).

## DISCUSSION AND DECISION

■ Judgment on the pleadings is appropriate when there are no material issues of fact and the facts shown by the pleadings entitle a party to judgment as a matter of law. *New Trend Beauty School, Inc. v. Beauty Culturist Examiners* (1988), Ind.App., 518 N.E.2d 1101; *Claise v. Bernardi* (1980), Ind.App., 413 N.E.2d 609. The moving party admits the facts pleaded for purposes of the motion, and all reasonable inferences are drawn in the non-movant's favor. *New Trend, supra.* We must therefore decide whether the Hospital was entitled to judgment as a matter of law.

The parties agree for purposes of this discussion that the applicable statute of limitations requires a claim arising out of McCarty's surgery to be brought within two years of the date of the surgery, February 5, 1981.[2] Unless the claims asserted in McCarty's amended complaint relate back to the filing of the original complaint under T.R. 15(C), the amended claims are barred because they were filed on January 15, 1988, almost seven years after the surgery and well beyond the statutory time period for bringing suit.

■ T.R. 15 contains the rules concerning amendments of pleadings and relation back of amendments. T.R. 15(A) provides for amendments to pleadings. If 30 days have passed since service of the complaint, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." T.R. 15(A). The grant or denial of leave to amend under T.R. 15(A) is a matter resting within the sound discretion of the trial court. *Beta Alpha Shelter of Delta Tau Delta v. Strain* (1983), Ind.App., 446 N.E.2d 626. The Hospital, however, does not argue the court abused its discretion by allowing McCarty to amend his complaint; thus T.R. 15(A) does not apply to this case and we need not address that issue.

■ We now turn to T.R. 15(C), providing for the relation back of amendments, which states in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

---

**1.** Counts I through III are claims against the defendant Cacdac, and the Hospital conceded count IV relates back to the original complaint.

**2.** *See* IND.CODE 34–4–19–1.

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

There is no attempt to add a new party in this case, and the notice requirements do not apply. Accordingly, McCarty's claims will relate back if they arose out of the transaction or occurrence set forth in the original complaint. The original complaint made the following allegations:

3. That Cacdac performed such surgery on the plaintiff when the myelographic studies, examinations and clinical findings did not indicate that such surgery was necessary or warranted and that such surgery on the part of Cacdac and the agents, servants and employees of defendants constituted negligence, fraudulent and/or unnecessary surgery or was improperly performed by the defendants.

4. That the defendants conducted an investigation of Cacdac's surgery, which investigation was carelessly and inadequately performed by defendants, and arrived at the conclusion that the surgery being performed by Cacdac at defendants' hospital in record numbers was not unnecessary or unwarranted.

5. That the actions of the defendants constitute negligence, gross negligence, willfull (sic) and wanton misconduct and amount to an attempt to defraud the plaintiff, and as a direct and proximate result of the above and foregoing conduct of the defendants, the plaintiff's physical condition was aggravated and worsened, and he has been permanently injured and impaired.

6. That the defendants knew of the fact that surgery such as that performed upon the plaintiff had been performed by Cacdac on one or more occasions previously and fraudulently concealed that fact from plaintiff. The defendants received economic benefits from such treatment of the plaintiff and by reasons of such economic benefits, concealed such information from the plaintiff.

*Record* at 5.

In essence, McCarty contended the doctor and the Hospital's agents, servants, and employees were negligent and fraudulent in the performance of McCarty's surgery and that the Hospital acted wrongfully in allowing Cacdac to perform surgery at the hospital when it knew or should have known the surgeries he was performing were unnecessary. The claims arose from circumstances surrounding the surgery on McCarty. The amended complaint contains several allegations, all of which relate to the surgery done on McCarty or the actions of the hospital in allowing Cacdac to perform surgery at the hospital. Because the claims in the amended complaint arose from the same conduct set forth in the original complaint, the amended complaint relates back. T.R. 15(C); *Parsley v. Waverly Concrete & Gravel Co.* (1981), Ind. App., 427 N.E.2d 1. Since the original pleading was timely, the amendment is considered timely even though it was submitted after the statute of limitations had expired. *Allied Mills, Inc. v. P.I.G., Inc.* (1983), Ind.App., 454 N.E.2d 1240. The statute of limitations was not violated, and the trial court erred in granting judgment on the pleadings for the Hospital.

■ The Hospital argues these claims cannot relate back because T.R. 15(C) does not permit the relation back of an entirely new claim or cause of action.[3] We agree that an entirely new claim based on facts different from the facts pleaded in the original complaint would not relate back. *City of Crawfordsville v. Michael* (1985), Ind. App., 479 N.E.2d 102, *trans. denied*, 487

---

**3.** The Hospital relies heavily on *Strain, supra,* for the proposition that McCarty's claims do not relate back. *Strain,* however, discussed T.R. 15(A) and held there was no abuse of discretion by the trial court when it denied the plaintiff's motion to amend its complaint. The case did not analyze the relation back doctrine and does not further the Hospital's argument here. Similarly, *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631, relied upon by the Hospital, concerns relation back in the context of addition of a new party, not relation back of a claim.

N.E.2d 159 (Shepard, J., and DeBruler, J., dissenting). In *Crawfordsville*, the original complaint was based upon *respondeat superior*, putting the employee's negligence into contention while the amended complaint alleged negligent hiring and negligent entrustment, putting the city's negligence into issue for the first time. This entirely new claim based upon different factual allegations did not relate back and was barred by the statute of limitations.[4] *Id.*

Federal caselaw interpreting T.R. 15(C) is illustrative since the federal rule is identical to the Indiana rule. Federal Rule 15(C) is to be liberally construed, particularly when the amendment does not allege a new cause of action. *Siegel v. Converters Transp., Inc.* (2nd Cir.N.Y.1983), 714 F.2d 213. The second circuit, allowing relation back of an amended complaint, stated:

> The cause of action now, as it was in the beginning, is the same.... There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events [alleged in the original complaint].

*Id.* at 216 (quoting *Tiller v. Atlantic Coast Line* (1945), 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465). In *In re Olympia Brewing Co. Securities Litigation* (N.D.Ill.1985), 612 F.Supp. 1370, the court stated relation back is appropriate when a party seeks to add a new legal theory to a set of previously alleged facts, but an entirely new claim based upon different facts would not relate back. The court held a claim adding new factual allegations may relate back when there is a sufficiently close relationship between the new and original claims. *Id.*

The amended complaint here does not consist of entirely new claims. While some of the claims allege new theories of liability, they do not allege new facts distinct from those argued in the original complaint. Count V states the Hospital breached an implied-in-fact contract due to its failure to employ qualified doctors when it knew or should have known that Cacdac was doing unnecessary surgeries. This relates to the original claim that the Hospital knew Cacdac had performed unnecessary surgeries in the past. Count VI alleges a nurse, an agent of the hospital, was negligent in failing to recognize this surgery as unnecessary, a claim relating to the facts alleged in the original complaint regarding the surgery performed on McCarty. Count VII contends the Hospital was negligent in failing to provide an adequate screening procedure to detect unnecessary operations which relates to the facts underlying the count charging the Hospital with a careless investigation of Cacdac's surgeries. Finally, Counts VIII and IX allege the Hospital and its agents entered into a conspiracy with the doctor to perform unnecessary surgeries and aided and abetted Cacdac in performing these surgeries. These claims parallel the claims in the initial complaint alleging the Hospital knew Cacdac was performing unnecessary surgeries and concealed this fact because the Hospital was receiving economic benefits from the unnecessary operations.

None of these allegations are new claims based on facts distinct from those asserted in the original complaint. They simply elaborate upon the original claims. Because the claims arose from the same transaction or occurrence set forth in the original complaint and do not allege a new claim based upon a new factual basis, we hold the amended claims relate back to the filing of the original complaint.

Judgment reversed.

RATLIFF, C.J., and ROBERTSON, J., concur.

---

**4.** Two justices dissented from the denial of transfer, and would have allowed relation back of the amended claims because the claims arose out of the conduct relied upon in the initial complaint. *City of Crawfordsville v. Michael* (1986), Ind.App., 487 N.E.2d 159.