**John W. McCARTY, Appellant (Plaintiff Below),**

v.

**HOSPITAL CORPORATION OF AMERICA, and Terre Haute Regional Hospital, Appellees (Defendants Below).**

**No. 77S01–9110–CV–847.**

Supreme Court of Indiana.

Oct. 28, 1991.

Mary A. Findling, Price & Shula, Indianapolis, Eric A. Frey, Frey Hunt Hassler & Lorenz, Terre Haute, for appellant.

John D. Nell, Julie L. Michaelis, Wooden McLaughlin & Sterner, Indianapolis, for appellees.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Hospital Corporation Corporation of America ("HCA") and Terre Haute Region-

al Hospital, Inc. ("THRH") seek transfer requesting that the trial court's grant of partial judgment on the pleadings be reinstated. The trial court granted a partial judgment after determining that several counts, V through IX, of the amended complaint were barred by the statute of limitations. The Court of Appeals reversed. 560 N.E.2d 1268. The sole issue in this case is whether the amendments relate back to the original complaint and are thus considered to come within the limitations period. We accept transfer in order to resolve alleged conflicts between published opinions of the Court of Appeals.

## I. *Facts*

In October of 1982, McCarty instituted an action against the hospital alleging that an operation performed there by Dr. Manuel Cacdac was unnecessary. McCarty also accused the hospital of failing to investigate the need for the operation and of concealing its knowledge of the fact that Cacdac was performing unnecessary surgeries. McCarty simultaneously filed against Cacdac asserting virtually the same claims. The two cases were consolidated.

In January of 1988, McCarty was granted leave to amend. The amendments included additional claims that (1) the hospital breached an implied-in-fact contract by failing to employ qualified doctors at a time when it knew or should have known that Cacdac was performing unnecessary surgeries; (2) that a nurse, an agent of the hospital, assigned the responsibility of investigating the need for surgeries occurring at the hospital, failed to recognize that this surgery was unnecessary; (3) that the hospital failed to institute an adequate investigation procedure to determine the necessity of operations at the hospital; and (4) that the hospital and its agents entered into a conspiracy with the doctor to perform unnecessary surgeries and that they aided and abetted the doctor in performing these surgeries. The hospital argues that the amendments represent entirely new claims or causes of action and, as such, they do not relate back to the period before the expiration of the statute of limitations pursuant to Indiana Trial Rule 15(C).

## II. *Discussion*

The doctrine of "relation back" provides that a pleading may be amended to add a new claim or defense after the statute of limitations period has run so long as it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ind.T.R. 15(C). If the new claim or "cause of action" meets this requirement, it will be treated as though it were part of the original pleading, thereby circumventing bar by the limitations period.

To apply Rule 15(C), a court must determine what is meant by the phrase "conduct, transaction or occurrence." Indiana courts have taken somewhat divergent positions and, occasionally, we have created undue limitations on the right to amend. For example, in *City of Crawfordsville v. Michael*, (1985), Ind.App., 479 N.E.2d 102, *trans. denied* (1986), Ind., 487 N.E.2d 159, Michael filed an action against the city for injuries she received when a city truck driver collided with her car. The action, filed in 1978, was based on claims of *respondeat superior*. In 1983, the trial court allowed amendments, including claims of negligent entrustment. The Court of Appeals reversed the jury verdict for the plaintiff and held that negligent entrustment was "an entirely new claim which will not relate back under Indiana law." *Id.* at 105. The court read T.R. 15(C) to say that "relation back of an amendment which states an entirely new cause of action" is prohibited. *Id.* Consequently, the court concluded that because the negligent entrustment claim was premised on the negligence of the city itself, while *respondeat superior* claims concerned only the city's liability for its employees' negligent acts, the amendment stated a new cause of action and, as such, would not relate back.

Although this Court denied transfer, two justices felt that the "relation back" issue was decided improperly and deserved additional discussion. Justice DeBruler, joined by Justice Shepard, dissented to the denial of transfer of *Michael*, and stated that the emphasis on "cause of action" language results in "an unduly rigid approach in

applying the rule, in that it has not given adequate weight to the factual circumstances." 487 N.E.2d 159, 160 (1986) (DeBruler and Shepard, JJ., dissenting). The opinion considered "[t]he general set of facts initially relied upon [including] Adams' conduct in driving the city truck, drinking alcohol, the collision, the injuries to Michael, Adams' status at the time as a city employee, and the conduct of the city supervisors in setting up the scope of Adams' employment." *Id.* Additionally, the opinion referred to "[t]he factual dimension added to these by the amendment includ[ing] Adams' history of driving and alcohol abuse, and the knowledge of city supervisors of such history, as they went about assigning him tasks and dealing with him." *Id.* The opinion concludes that "[b]ased upon a factual analysis of this type, it was clearly reasonable for the trial court to declare that the claim in the new count ... arose out of the 'conduct, transaction or occurrence' initially relied upon." *Id.* at 160.

We believe that the analysis set forth in this dissent is correct. Therefore, we now hold that the factual circumstances that gave rise to the original claims, the general injuries sustained, and the general conduct causing those injuries constitute the "conduct, transaction or occurrence" referred to in Rule 15(C). Thus, it is these factual circumstances that must be examined to determine whether relation back is proper.

One guide to conducting this inquiry is to determine whether evidence tending to support the facts alleged in the amended complaint could or would naturally have been introduced under the former pleading to support the original complaints. So long as the factual circumstances upon which the amendment is based are similar to those in the initial complaint, a change in legal theory does not create a new "cause of action." An amendment stating an entirely new claim for relief is permissable so long as it arises from the same factual circumstances pled in the initial complaint.

The purpose of the doctrine of relation back is to allow a party who, through the course of discovery, realizes a new claim or defense the opportunity to use this claim or defense despite the running of the statute of limitations. Allowing liberal amendment to pleadings affords all parties the opportunity to present a complete picture of the issues involved in a lawsuit to the trier of fact. *Allied Mills, Inc. v. P.I.G., Inc.* (1983), Ind.App., 454 N.E.2d 1240, 1242. This policy is not prejudicial to nor does it place an undue hardship upon defendants. Once a defendant receives notice of a claim or defense raised against him, he should be aware that he may be subject to any possible additional claims or defenses stemming from "the general injury and general conduct" at issue and not merely those claims or defenses resembling those already pled. It would be difficult indeed for such a defendant, currently involved in litigation over an issue arising from a particular matter, to contend that he had no notice that he might be taken to task over a second issue arising out of the same matter.

The policy upon which statutes of limitation are premised, viz. guarding against stale claims, lost evidence and faulty memories of witnesses, is not endangered by this application of the relation back doctrine. Once a claim has been made, a defendant is put on notice that the factual circumstances surrounding that claim are in issue.

### III. *Conclusion*

In this case, injuries received by McCarty, allegedly due to both the operation performed by Cacdac and the hospital's conduct with respect to that operation gave rise to the allegations contained in the original as well as in the amended complaints. As such, the amendments do relate back to the original complaint and are not barred by the statute of limitations. Accordingly, we accept transfer, vacate the decision of the Court of Appeals, reverse the partial judgment entry of the trial court, and remand this cause to the trial court.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result with separate opinion.

GIVAN, Justice, concurring.

Although I agree with the result of the majority in this case, I cannot agree with the dictum contained in the majority opinion stating that the case of *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102, *trans. denied* (1986), Ind., 487 N.E.2d 159 was incorrectly decided. That observation is entirely unnecessary in the decision of this case. The present case is readily distinguishable from the *Michael* case in that, as stated in the majority opinion, McCarty had sued the hospital and Dr. Cacdac separately and the cases were consolidated.

There is no question that the majority has reached the right decision that the amendment filed in January of 1988 by McCarty in fact did relate back to the original allegations. I think the dictum concerning the *Michael* case is in error and entirely unnecessary.