

FILED

Nov 30 2020, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Nicholas C. Deets
Tyler J. Zipes
Hovde Dassow + Deets, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
COMMUNITY HOWARD[1]

Edna M. Koch
Joseph D. McPike, II
Erin E. Meyers
Zeigler Cohen & Koch
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Betty Miller, Individually and as
Personal Representative of the
Estate of John Allen Miller,

*Appellant-Plaintiff,*

v.

Laxeshkumar Patel, M.D., John
Schiltz, M.D., Benjamin
Coplan, M.D., Joseph Hill,
M.D., Erik Fossum, M.D.,
Bradford Hale, M.D., Christine
Tran, M.D., James Blickendorf,
M.D., Robert McAllister, M.D.,

November 30, 2020

Court of Appeals Case No.
20A-CT-1088

Appeal from the
Marion Superior Court

The Honorable
Heather A. Welch, Judge

Trial Court Cause No.
49D01-1812-CT-49633

---

[1] Although they did not file a brief, Schultz & Pogue, LLP attorneys Jon M. Pinnick and Jeffrey M. Kraft entered an appearance on July 10, 2020 on behalf of Medical Associates, LLP, Erick Fossum, M.D., Bradford Hale, M.D., James Blickendorf, M.D., Robert McAllister, M.D., Sara Koerwitz, M.D., and Timothy Held, P.A. *Odyssey.*

Sara Koerwitz, M.D., Timothy Held, PA, Community Health Network, Inc., d/b/a Community Howard Regional Health Hospital and Community Howard Behavioral Health, Community Physicians of Indiana, Inc., d/b/a Community Physician Network, Community Howard Regional Health, Inc., St. Joseph Hospital & Health Center, Inc., St. Vincent Health, Inc., Ascension Health, Inc., and Medical Associates, LLP,

*Appellees-Defendants.*[2]

**Kirsch, Judge.**

[1] In this discretionary interlocutory appeal, Betty Miller ("Miller"), individually and as personal representative of the estate of John Allen Miller ("John"), appeals the trial court's denial of her motion to amend her complaint to add a claim against Community Health Network, Inc., d/b/a Community Howard Regional Health Hospital and Community Howard Behavioral Health, and

---

[2] This interlocutory appeal involves only Community Health Network, Inc., d/b/a Community Howard Regional Health Hospital and Community Howard Behavioral Health, and Community Howard Regional Health, Inc.; however, we include the other named defendants because our Indiana Appellate Rules provide that a party of record in the trial court shall be a party on appeal. Ind. Appellate Rule 17(A); *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 162 (Ind. Ct. App. 2006).

Community Howard Regional Health, Inc. ("Community Howard") under 42 U.S.C. § 1395dd, the federal Emergency Medical Treatment and Active Labor Act, ("EMTALA"). On appeal, Miller contends that in denying her motion to amend, the trial court erred by relying on this court's opinion in *Williams v. Inglis*, 142 N.E.3d 467 (Ind. Ct. App. 2020), *trans. denied*, which she asserts was incorrectly decided and is in need of reexamination,. Finding that *Williams* was correctly decided, we find no error in the trial court's denial of Miller's motion to amend.

[2] We affirm.

## Facts and Procedural History

[3] Miller filed a complaint on December 18, 2018, against Laxeshkumar Patel, M.D., John Schiltz, M.D., Benjamin Coplan, M.D., Joseph Hill, M.D., Erik Fossum, M.D., Bradford Hale, M.D., Christine Tran, M.D., James Blickendorf, M.D., Robert McAllister, M.D., Sara Koerwitz, M.D., Timothy Held, PA, Community Howard, St. Joseph Hospital & Health Center, Inc., St. Vincent Health, Inc., Ascension Health, Inc., and Medical Associates, LLP (collectively, the "Defendants"), in which she alleged that the Defendants were negligent in their care and treatment of Zachary Miller ("Zachary"). *Appellant's App. Vol. 2* at 33-38. In the complaint, Miller asserted that between December 9, 2016, through January 8, 2017, the Defendants treated Zachary for serious mental illnesses that included suicidal ideations, major depression, drug abuse, psychosis, anxiety, threats to his life and the lives of others, killing animals, and

bipolar disorder. *Id.* at 35. Over the course of that thirty-day period, medical personnel at Community Howard treated Zachary for these conditions on at least five occasions. *Id.* The complaint further alleged that on January 8, 2017, Zachary came to the emergency room at Community Howard Regional Hospital requesting to be admitted due to his ongoing mental illness and dangerous propensities, and that he was treated and discharged by hospital physicians and a physician's assistant. *Id.* Specifically, after his discharge, in the overnight hours of January 8-9, 2017, Zachary returned to the home of his grandparents, Miller and John, and killed John by beating him with a frying pan and cutting John's wrists because he heard voices telling him to do so. *Id.*

[4] On February 5, 2019, Community Howard filed an answer to the complaint, in which it denied Miller's allegations of negligence and the characterization of Zachary's presentations for medical treatment over the period spanning December 9, 2016 through January 8, 2017. *Appellee's App. Vol. 2* at 2-8. On January 31, 2020, Community Howard filed a motion for summary judgment contending that Miller lacked standing to assert a negligence claim and that Community Howard was immune from civil liability. *Id.* at 9-12.

[5] On February 14, 2020, Miller filed a motion for leave to amend the complaint and the proposed amended complaint, which sought to add a claim under EMTALA against Community Howard. *Appellant's App. Vol. 2* at 39-49. On February 27, 2020, Community Howard objected to Miller's motion for leave to amend, arguing that the proposed amendment was barred by the two-year statute of limitations that governs EMTALA claims. *Id.* at 50-56; *see* 42 U.S.C.

§ 1395dd(d)(2)(C) ("No action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought."). Miller filed a reply on March 13, 2020, contending that her motion for leave to amend the EMTALA claim was not barred by the two-year statute of limitations because it arose out of the same conduct, transaction, or occurrence set forth in her original complaint and should relate back to her original complaint under Indiana Trial Rule 15(C), and that *Williams* was incorrect in holding that EMTALA's statute of limitations preempted Indiana Trial Rule 15(C). *Id.* at 57-64. On March 27, 2020, the trial court denied Miller's motion for leave to amend the complaint to add a claim under EMTALA. *Id.* at 65-69. In particular, the trial court's order denied the motion to amend on the basis of *Williams* and *HCA Health Servs. of Ind., Inc. v. Gregory*, 596 N.E.2d 974 (Ind. Ct. App. 1992), *trans. denied*, stating:

> Thus, this Court finds that the Indiana Court of Appeals has held that EMTALA preempts any state or local law that directly conflicts with the 2-year statute of limitations. Since [Indiana Trial Rule 15(C)] is in direct conflict, EMTALA preempts this trial rule and mandates that the strict 2-year statute of limitation[s] be imposed. Since [Miller] filed [her] Motion to Amend Complaint on February 14, 2020, and the last date of treatment was January 8, 2017, the Motion to Amend is in violation of EMTALA's 2-year statute of limitation[s] and is futile because [Indiana Trial Rule 15(C)] is preempted by federal law.

*Id.* at 67-68.[3]

On April 23, 2020, Miller filed a motion that sought to certify the denial of the motion to amend for interlocutory appeal, arguing that *Williams* was "incorrectly decided." *Id.* at 71; 70-77. Over Community Howard's objection, the trial court certified Miller's motion to certify the denial of the motion to amend for interlocutory appeal. *Id.* at 89-90. On May 26, 2020, Miller filed with this court a motion to accept interlocutory appeal. *Id.* at 91-106. Over Community Howard's objection, this court accepted jurisdiction over Miller's interlocutory appeal on June 18, 2020. *Id.* at 133-34. Miller now appeals.

## Discussion and Decision

Miller argues that the trial court abused its discretion by denying her motion to amend because it erred in its application of *Williams* and *HCA Health Servs.* to the denial, and that this court should "reexamine" *Williams*. *Appellant's Br.* at 12. Indiana Trial Rule 15(A) governs amendments to pleadings and provides as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served.

---

[3] EMTALA's express preemption provision specifies that "[t]he provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f).

> Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Amendments to pleadings are to be liberally allowed, but the trial court retains broad discretion in granting or denying amendments. *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), *trans. denied*. We will reverse upon a showing of only an abuse of that discretion. *Id.*

[8] An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* We consider whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment.'" *Id.* (quoting *Palacios v. Kline*, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991)). In reviewing a discretionary motion, we generally affirm if there is any rational basis for the trial court action. *Palacios*, 566 N.E.2d at 575. However, to the extent our analysis depends on whether Indiana Trial Rule 15(C) is preempted by EMTALA, we review that issue of law de novo. *See State v. Norfolk S. Ry. Co.*, 107 N.E.3d 468, 471 (Ind. 2018).

Indiana Trial Rule 15(C) governs relation back of amendments and provides, in pertinent part, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."[4] "The purpose of the doctrine of relation back is to allow a party who, through the course of discovery, realizes a new claim or defense the opportunity to use this claim or defense despite the running of the statute of limitations." *McCarty v. Hosp. Corp. of Am.*, 580 N.E.2d 228, 231 (Ind. 1991); *see also Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.*, 785 N.E.2d 586, 592 (Ind. Ct. App. 2003) (noting that "most cases discussing relation back arise in the context of a statute of limitations problem" in discussing Indiana Trial Rule 15(C), *trans. denied*. (citation omitted)).

Miller's principal contention is that *Williams* was "wrongly decided" because the plaintiff in *Williams* made an "erroneous concession" that relation back under Indiana Trial Rule 15(C) "directly conflicted with and was preempted" by the two-year statute of limitations applicable to a claim under EMTALA. *Appellant's Br.* at 11. We reject Miller's argument and conclude that *Williams* guides our analysis in this case.

---

[4] The federal counterpart to Indiana Trial Rule 15(C) is substantially identical to our state rule and provides, in pertinent part, that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B).

[11]     In *Williams*, Williams filed a proposed complaint with the Indiana Department of Insurance ("IDOI") in April 2014, alleging medical malpractice based on treatment he received on December 2, 2012. 142 N.E.2d at 471. The IDOI appointed a medical review panel. *Id.* On September 12, 2014, Williams filed a complaint in state court alleging the same medical malpractice claim. *Id.* On November 1, 2017, the medical review panel issued a unanimous opinion, finding that the evidence did "not support the conclusion that the Defendants [had] failed to meet the standard of care" and that "the conduct complained of was not a factor of [Williams's] resultant damages." *Id.* On December 18, 2017, Williams filed a motion to amend his trial court complaint to identify the anonymous defendants and to add a new, federal EMTALA claim. *Id.*

[12]     The defendants objected to the amendment to add an EMTALA claim after the expiration of EMTALA's two-year statute of limitations. *Id.* at 471-72. Williams filed a response to the defendants' objection, contending that: (1) his EMTALA claim was protected from a statute of limitations defense because he filed his proposed medical malpractice complaint with the IDOI in April 2014 and his trial court complaint in September 2014; (2) the provisions of Indiana's medical malpractice act prohibited him from including an EMTALA claim in his trial court complaint until after the statute of limitations had already passed; (3) the EMTALA count that he sought to add to his original trial court complaint was not time barred because Indiana Trial Rule 15(C) would allow the claim to relate back to the original trial court complaint. *Id.* at 472. The trial court denied Williams' motion to amend to add the EMTALA claim. *Id.*

[13]     In our opinion affirming the trial court's denial of Williams's motion to amend, we explained the purpose of EMTALA:

> "EMTALA was enacted to address the problem of patient 'dumping,' in which hospitals would not provide the same treatment to uninsured patients as to paying patients, either by refusing care to the uninsured patients or by transferring them to other facilities." *Beller v. Health & Hosp. Corp. of Marion Cty., Ind.*, 703 F.3d 388, 390 (7th Cir. 2012). "EMTALA imposes two duties on hospitals with respect to patients who come to their emergency rooms: first, to provide medical screening for any emergency condition; and second, as to any emergency condition, to stabilize the patient prior to any transfer to another facility." *Id.* (citing 42 U.S.C. § 1395dd). *See also HCA Health Servs.*, 596 N.E.2d at 976 (explaining that "EMTALA operates to restrict, among other things, the transfer, or 'dumping,' of patients from hospitals until their conditions have stabilized").

> "EMTALA created a federal cause of action under federal law, governed exclusively by the federal act, but that may be pursued in federal or state fora." *Id.* at 977. "This choice of forum in which to pursue an EMTALA claim, however, does not indicate that all state procedural requirements are encompassed when maintaining an action based on the federal statute." *Id.* The statute of limitations for an EMTALA claim is two years from the date of the alleged EMTALA violation. *See* 42 U.S.C. § 1395dd(d)(2)(C) (providing that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought"). The EMTALA statute also provides that "[t]he provisions of [EMTALA] do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f).

*Williams*, 142 N.E.2d at 474-75. We first addressed Williams's motion to amend his complaint under Indiana Trial 15(A) and concluded that his proposed amendment would be futile, noting that "the two-year statute of limitations for the EMTALA claim had already passed" by the time Williams attempted to amend his complaint. *Id.* at 475.

[14] Williams also contended that his federal EMTALA claim was "not a new, separate claim that he sought to add to his complaint" but "an expansion of his malpractice and negligence claim in his original complaint filed in September 2014." *Id.* He asserted that his proposed EMTALA claim would fall under the state statute of limitations for negligence, which is also two years, and that this claim would then be allowed to be added to his original complaint pursuant Indiana Trial Rule 15(C). *Id.* We observed that, in arguing that the trial court should have allowed him to include the alleged EMTALA claim in his complaint despite the passing of the two-year statute of limitations, Williams "[r]ecogniz[ed] the conflict between Indiana Trial Rule 15(C) and EMTALA's statute of limitations" and that he argued Indiana Trial Rule 15(C) would "'prevail' and render EMTALA's statute of limitations a 'nullity.'" *Id.* at 476.

[15] We rejected Williams's arguments concerning the application of relation back under Indiana Trial Rule 15(C) to his proposed amended complaint and reasoned as follows:

> Here, Williams sought to add an EMTALA claim to his original complaint. As such, it was a "federal cause of action under federal law" and "governed exclusively by the federal act[.]"

*HCA Health Servs.*, 596 N.E.2d at 977. The fact that an EMTALA claim may be brought in state court, "does not indicate that all state procedural requirements are encompassed when maintaining an action based on the federal statute." *Id.* We acknowledge that "[i]t is a fundamental rule of law in Indiana that in the event of a conflict between a procedural statute and a procedural rule adopted by the supreme court, the latter shall take precedence." *Bowyer v. Indiana Dep't of Nat. Res.*, 798 N.E.2d 912, 916 (Ind. Ct. App. 2003) (internal quotation marks and citation omitted). *See also Ritchie v. State*, 809 N.E.2d 258, 268 (Ind. 2004) ("In general, if a statute conflicts with a validly adopted Trial Rule, the rule prevails."), *reh'g denied*, *cert. denied*. However, the federal EMTALA regulation at issue includes an express provision regarding preemption, which provides that "[t]he provisions of [EMTALA] do not preempt any State or local law requirement, *except to the extent that the requirement directly conflicts with a requirement of this section*." 42 U.S.C. § 1395dd(f) (emphasis added). *See also Kennedy Tank & Mfg. Co. v. Emmert Indus. Corp.*, 67 N.E.3d 1025, 1028 (Ind. 2017) (explaining that "[e]xpress preemption exists when Congress states the statute's preemptive effect"). The EMTALA statute of limitations, 42 U.S.C. § 1395dd(d)(2)(C), provides that "*[n]o action* may be brought under this paragraph *more than two years after the date of the violation* with respect to which the action is brought." (Emphasis added). Because the application of Indiana Trial Rule 15(C) would directly conflict with the EMTALA two-year statute of limitations, it is therefore preempted by EMTALA.

Here, Williams attempted to file an EMTALA claim on December 18, 2017, which was more than two years after the date of the alleged violation of EMTALA on December 2, 2012. Thus, Williams'[s] EMTALA claim was barred by EMTALA's two-year statute of limitations. Because his proposed amendment to add this claim would have been futile, we

conclude that the trial court did not abuse its discretion by denying Williams'[s] motion to amend his complaint.[footnote omitted]

*Id.* at 476.

[16] Additionally, in *HCA Health Servs.*, we addressed the interaction between EMTALA and Indiana's Medical Malpractice Act when determining whether a plaintiff was barred from filing an EMTALA claim because she had not filed the EMTALA claim within the two-year statute of limitations. 596 N.E.2d at 975-76. The plaintiff's daughter was discharged from the hospital on November 13, 1987 and later died. *Id.* at 975. On February 10, 1989, the plaintiff filed a proposed complaint with the IDOI, alleging medical malpractice and a federal EMTALA claim but did not file the EMTALA claim in either state or federal court. *Id.* After the expiration of the two-year EMTALA statute of limitations, the defendant hospital filed a motion for summary judgment, which was denied. *Id.* We observed that there was "no provision in EMTALA which effectively toll[ed] the statute of limitations while awaiting a state procedural prerequisite, such as an opinion from a medical review panel . . . ." *Id.* at 977. This court held that EMTALA preempted Indiana's Medical Malpractice Act and that the plaintiff could not "shield her non-compliance with EMTALA's procedural mandates by asserting compliance with the [Indiana Medical Malpractice] Act" nor "use the [Indiana Medical Malpractice] Act to foil EMTALA's statute of limitations." *Id.* at 978.

[17] Here, the date of Zachary's last treatment was January 8, 2017, Miller's complaint was filed on December 18, 2018, and her proposed amended

complaint was filed on February 14, 2020 – beyond the two-year statute of limitations for an EMTALA claim. *Appellant's App. Vol. 2* at 10, 23, 35, 39-49. Similar to the proposed amended complaint in *Williams*, Miller's proposed amended complaint was futile because the attempt to amend the complaint occurred outside EMTALA's two-year statute of limitations, and applying Indiana Trial Rule 15(C) would directly conflict with the EMTALA two-year statute of limitations and is preempted by EMTALA. We find no error with the trial court's application of our precedent in *Williams* and *HCA Health Servs.* in denying Miller's motion to amend as futile because Indiana Trial Rule 15(C) was preempted by EMTALA.[5]

[18]  Contrary to Miller's assertions that the plaintiff in *Williams* made an erroneous concession that relation back under Indiana Trial Rule 15(C) directly conflicted with and was preempted by EMTALA's two-year statute of limitations, there is no indication in *Williams* that Williams conceded, let alone made an erroneous concession or admission, that Indiana Trial Rule 15(C) was in *direct* conflict

---

[5] We acknowledge the state case law that Miller cites demonstrating the operation of relation back under Indiana Trial Rule 15(C) in conjunction with various *state* statutes of limitations. *Appellant's Br.* at 14-15, 22-25, *Appellant's Reply Br.* at 7-8. *See McCarty v. Hosp. Corp. of Am.*, 580 N.E.2d 228, 231 (Ind. 1991) (concluding that the plaintiff's amendments related back to the original complaint despite the running of the statute of limitations); *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 366-68 (Ind. 2006) (allowing relation back of an amendment to add an additional defendant after the statute of limitation had expired where the original action was timely filed); *Allied Mills, Inc. v. P.I.G., Inc.*, 454 N.E.2d 1240, 1242 (Ind. Ct. App. 1983) (rejecting defendant's argument that plaintiff's motion to amend the complaint should not have been permitted because it was filed after the statute of limitations had expired and concluding the plaintiff's amendment related back to the original pleading); *Palacios v. Kline*, 566 N.E.2d 573, 575 (Ind. Ct. App. 1991) (concluding the plaintiff's amended complaint related back to the original complaint even though the statute of limitations had expired). However, in light of the holding of *Williams*, regarding preemption, we decline to apply the rationale in those cases to the instant case.

with and was preempted by the EMTALA statute of limitation. As previously set forth, this court observed that Williams's arguments were correct in "*recognizing the conflict* between Indiana Trial Rule 15(C) and EMTALA's statute of limitations," but we do not find this language in *Williams* to be equivalent to a concession or an admission that Indiana Trial Rule 15(C) directly conflicts with the EMTALA statute of limitations. *Williams*, 142 N.E.2d at 476 (emphasis added). We decline Miller's request to reexamine *Williams* on this basis.

[19] Miller also argues that "critical federal cases," *Appellant's Br.* at 20, which were not cited to the court in *Williams* compel a different outcome here because they show that "EMTALA and T.R. 15(C) do not **directly conflict**[,]" that the federal cases demonstrate there is no direct conflict between EMTALA's two-year statute of limitations and relation back under Federal Rule of Civil Procedure 15(C), and that EMTALA does not preempt Indiana Trial Rule 15(C). *Appellant's Reply Br.* at 7. In support of her position, Miller directs us to *McCullum v. Silver Cross Hospital*, No. 99 C 4327, 2001 WL 969076 (N.D. Ill. Aug. 21, 2001) and *Freedman v. Fisher*, 89 F. Supp. 3d 716 (E.D. Pa. 2015), federal trial court cases in which the plaintiffs were permitted to amend their complaints to add an EMTALA claim after the two-year statute of limitations had passed. *Appellant's Br.* at 17. She also draws our attention to *Lemons v. Board of County Commissioners of Brown*, No. CIV. A. 00-2297-CM, 2002 WL 370227 (D. Kan. Feb. 21, 2002) and *Monrouzeau v. Asociacion del Maestro*, 354 F.

Supp. 2d 115 (D.P.R. 2005), which also discussed the application of Federal Rule of Civil Procedure 15. *Id.*

[20] In *McCullum*, which was an unreported federal district court decision, the plaintiffs filed a complaint on July 11, 1999, to recover damages against the defendants pursuant to 42 U.S.C. § 1981(a) for events occurring at the hospital on July 5, 1997. 2001 WL 969076 at *1. On February 22, 2001, the plaintiffs filed a second amended complaint adding a second count pursuant to EMTALA. *Id.* Applying the concept of relation back pursuant to Federal Rule of Civil Procedure 15, the federal district court permitted the plaintiffs to amend their complaint to allege a violation of EMTALA because the EMTALA claim was based on the same occurrence as the original complaint. *Id.* at *2.

[21] In *Freedman*, the plaintiffs filed a complaint in federal district court against the defendant hospital for events occurring in the hospital emergency room on February 22, 2012. 89 F. Supp. 3d at 720 n.4. The plaintiffs filed their original complaint on June 7, 2013 and filed a motion to amend their original complaint to plead an EMTALA claim, which was filed more than two years after the statute of limitations had expired on April 15, 2014. *Id.* The motion to amend was granted on May 6, 2014. *Id.* The defendant hospital moved for summary judgment, arguing the EMTALA claim was barred by the statute of limitations. *Id.* at 720. The federal district court determined that the EMTALA claim related back under Federal Rule of Civil Procedure 15 because it was based on the same occurrence as the original complaint and denied the defendant hospital's motion for summary judgment. *Id.*

[22] In *Lemons*, which was an unreported federal district court decision, the plaintiffs filed a complaint alleging violations of 42 U.S.C. § 1983, EMTALA, and raised various state law claims. 2002 WL 370227 at *1. The defendants filed a motion to dismiss, alleging that no named party had the capacity to sue when the complaint originally was filed, which was based on Kansas law requiring that a survival action be brought by the personal representative of the estate and not the decedent's heirs. *Id.* Acknowledging that, at the time the complaint was originally filed, it was brought by the heirs and not the estate's personal representative, the federal district court noted that the plaintiffs had been previously allowed to amend their complaint to name the personal representative of the estate as an additional plaintiff. *Id.* at *1-2. In concluding that the amended complaint related back and rejecting the defendants' argument, the federal district court noted that relation back of an amendment to a pleading that is filed in federal court is governed by the Federal Rules of Civil Procedure. *Id.* at *2. It concluded that, based on Federal Rules of Civil Procedure 15(c) and 17(a), the plaintiffs' amendment adding the personal representative of the estate as a party plaintiff was proper and denied the defendants' motion to dismiss. *Id.* at *3-4

[23] In *Monrouzeau*, the plaintiff filed a malpractice complaint in a Puerto Rico commonwealth court on May 30, 2002 and an action in federal district court alleging violations of EMTALA on October 7, 2002. 354 F. Supp. 2d at 117. The malpractice complaint and the EMTALA action were both based on events that occurred at the defendant's hospital emergency room on July 14, 2000. *Id.*

In opposition to the defendant's motion for summary judgment, the plaintiff argued that the ongoing malpractice action tolled the two-year EMTALA limitations period or, in the alternative, that the term was extended under principles of equitable tolling. *Id.* In rejecting the plaintiff's arguments and granting summary judgment for the defendant, the federal district court observed that "[h]aving an ongoing suit would allow for additional claims to 'relate back' to the time the original pleading was filed pursuant to Rule 15(c) Fed. R. Civ. P.," but it ultimately determined that the plaintiff's prior proceedings instituted in commonwealth court within the two-year period, which were ongoing, were of consequence in determining the timeliness of the EMTALA claim filed in federal court.[6] *Id.* at 118-19.

[24] We do not find these federal cases require us to reexamine *Williams* as Miller urges. We note that the reported and unreported federal district court cases Miller cites are not controlling authority in this court. *See U.S. Steel Corp. v. N. Ind. Pub. Serv. Co.*, 951 N.E.2d 542, 558 (Ind. Ct. App. 2011) (citing *Plaza Grp. Props., LLC v. Spencer Cnty. Plan Comm'n,* 877 N.E.2d 877, 894 (Ind. Ct. App. 2007), *trans. denied* (federal district court decisions are persuasive as opposed to binding authority on state courts)). Moreover, each of the cases Miller cites

---

[6] While the parties discuss the district court's decision, we note that *Monrouzeau* was affirmed on appeal. *See Monrouzeau v. Asociacion Del Hosp. Del Maestro, Inc.*, 153 Fed. Appx. 7, 9 (1st Cir. 2005) (concluding that equitable tolling did not apply to Monrouzeau's alleged EMTALA violation even though Monrouzeau "timely pleaded her federal claim in the Commonwealth court action . . . where she was allowed to have it adjudicated . . . does not entitle her to replead it beyond the statutory window in this parallel federal lawsuit" (citations omitted)).

involves actions that were filed in federal court that address the application of Federal Rule of Civil Procedure 15 to amendments to complaints filed in federal court, and none involve preemption, which Miller recognizes.[7] We acknowledge, as Miller also observes, the similarity between relation back under Indiana Trial Rule 15 and Federal Rule of Civil of Procedure 15 and that we may refer to federal authority when interpreting similar provisions of the Indiana Rules of Trial Procedure. *See Guzorek*, 857 N.E.2d at 367 (explaining that as to the interpretation of Indiana Trial Rule 15(C) and Federal Rule of Civil Procedure 15(C), it is "appropriate to consider federal authorities as guidelines in interpreting and applying the Indiana rule."); *Crossroads Serv. Ctr., Inc. v. Coley*, 842 N.E.2d 822, 825 (Ind. Ct. App. 2005) (noting that "because the Indiana Trial Rules are based on the federal rules, it is appropriate to look to federal decisions for guidance" regarding Indiana Trial Rule 15). We are sympathetic to Miller for the loss she suffered; however, we decline to disturb the dispositive holding in *Williams* that the "application of Indiana Trial Rule 15(C) would directly conflict with the EMTALA two-year statute of limitations" and is "therefore preempted by EMTALA" to the instant case. *Williams*, 142 N.E.2d at 476; *see also In re Beck's Superior Hybrids, Inc.*, 940

---

[7] To the extent Miller also relies on *Carodenuto v. New York City Health & Hosps. Corp.*, 156 Misc. 2d 361, 368-69, 593 N.Y.S.2d 442, 447 (N.Y. Sup. Ct. 1992), in which a New York state court concluded that the plaintiff's amended complaint adding an EMTALA claim related back to the original timely-filed complaint to support his position regarding relation back, we note that our state procedural rules, including Indiana Trial Rule 15(C) have been preempted. *See HCA Health Servs.*, 596 N.E.2d at 978-79; *Williams*, 142 N.E.2d at 476. We are not persuaded that the different conclusion regarding relation back and EMTALA under New York state procedural law compels a different outcome in the instant case.

N.E.2d 352, 368 (Ind. Ct. App. 2011) (holding that the use of Indiana Trial Rule 28(E) to compel compliance with a subpoena duces tecum was preempted by the Federal Arbitration Act, which required an arbitration panel to petition the United States district court in which the panel sits to compel a nonparty to appear before it or produce documents.) Therefore, we affirm the trial court's decision denying Miller's motion to amend her complaint.

Affirmed.

Pyle, J., concurs.

Tavitas, J., dissents with separate opinion.

| | |
|---|---|
| Betty Miller, Individually and as Personal Representative of the Estate of John Allen Miller, | Court of Appeals Case No. 20A-CT-1088 |
| *Appellant-Plaintiff,* | |
| v. | |
| Laxeshkumar Patel, M.D., John Schiltz, M.D., Benjamin Coplan, M.D., Joseph Hill, M.D., Erik Fossum, M.D., Bradford Hale, M.D., Christine Tran, M.D., James Blickendorf, M.D., Robert McAllister, M.D., Sara Koerwitz, M.D., Timothy Held, PA, Community Health Network, Inc., d/b/a Community Howard Regional Health Hospital and Community Howard Behavioral Health, Community Physicians of Indiana, Inc., d/b/a Community Physician Network, Community Howard Regional Health, Inc., St. Joseph Hospital & Health Center, Inc., St. Vincent Health, Inc., Ascension Health, Inc., and Medical Associates, LLP, | |
| *Appellees-Defendants.* | |

**Tavitas, Judge.**

[26] I respectfully dissent from the majority's decision to affirm the denial of Miller's motion to amend her complaint. When analyzing whether the EMTALA preempts Indiana Trial Rule 15(C), I reach a different result than the majority and *Williams v. Inglis*, 142 N.E.3d 467 (Ind. Ct. App. 2020), *trans. denied*.

[27] The EMTALA provides that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought." 42 U.S.C. § 1395dd(d)(2)(C). The EMTALA also provides that "[t]he provisions of [EMTALA] do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f).

[28] Indiana Trial Rule 15(C) governs relation back of amendments to pleadings and provides, in pertinent part, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Indiana Trial Rule 15(C) allows an exception to the statute of limitations where the amendment is based on the same conduct, transaction, or occurrence as pled in the complaint. Here, Miller filed a motion to amend pursuant to Indiana Trial Rule 15(C) to add an EMTALA claim. *Williams* and the majority hold that Trial Rule 15(C) conflicts with the EMTALA statute of limitations and, thus, is preempted. I disagree.

[29] The majority relies, in part, on *HCA Health Servs. of Ind., Inc. v. Gregory*, 596 N.E.2d 974 (Ind. Ct. App. 1992), *trans. denied.* There, this Court addressed the

trial court's denial of a hospital's motion for preliminary determination in a medical malpractice action. The patient's proposed complaint contained an EMTALA claim, but the claim was never actually presented in a state or federal action. During the medical review panel process, the two-year statute of limitations expired. This Court held that Indiana's Medical Malpractice Act's "provision requiring the filing of a proposed complaint with the Department, and the ensuing indeterminate waiting period until a medical review panel renders an opinion as a prerequisite to filing an action in court, directly conflicts with the two-year statute of limitations contained in EMTALA." *HCA Health Servs. of Ind.*, 596 N.E.2d at 977. This holding is consistent with other federal cases regarding other similar state medical malpractice act provisions. *See, e.g., Power v. Arlington Hosp. Ass'n*, 42 F.3d 851, 866 (4th Cir. 1994) (holding that "Virginia's notice of claim provision, and its requirement that suits cannot be filed until after they are reviewed by a malpractice review panel, directly conflicts with EMTALA"); *Cox v. Cabell Huntington Hosp., Inc.,* 863 F. Supp. 2d 568, 571 (S.D.W. Va. 2012) (holding that West Virginia's medical malpractice act "contains specific waiting periods, and therefore directly conflicts with EMTALA's statute of limitations.").

[30] I do not, however, find *HCA Health Servs*. applicable or persuasive here with regard to the application of Indiana Trial Rule 15(C). In *HCA Health Servs.*, the EMTALA two-year statute of limitations expired while the proposed complaint was pending before the medical review panel. In the instant case, a complaint was filed against appellees within the two-year statute of limitations, and Miller

filed a motion to amend pursuant to Indiana Trial Rule 15(C) to add an EMTALA theory purportedly arising out of the same conduct, transaction, or occurrence pled in the original complaint.

[31] As the majority acknowledges in footnote 5, Indiana courts have routinely recognized that a claim may relate back pursuant to Trial Rule 15(C) despite the running of the statute of limitations. *See, e.g. McCarty v. Hosp. Corp. of Am.*, 580 N.E.2d 228, 231 (Ind. 1991) (holding that the plaintiff's amendments related back to the original complaint despite the running of the statute of limitations); *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 366 (Ind. 2006) (holding that "on the facts of this case an amended complaint adding the sheriffs' department as a defendant relates back to the date of the original complaint and is therefore not barred by the statute of limitations if the original action was timely filed"). Moreover, as the majority also acknowledges, federal courts have specifically held that an EMTALA claim may relate back pursuant to Federal Rule of Civil Procedure 15(C), which is substantially similar to Indiana Trial Rule 15(C). *See, e.g., Freedman v. Fisher*, 89 F. Supp. 3d 716, 720 (E.D. Pa. 2015) (holding that the patient's EMTALA claim related back pursuant to Federal Rule of Civil Procedure 15(C) and, therefore, the claim was not barred by the statute of limitations).

[32] Under these circumstances, I do not find that Indiana Trial Rule 15(C) "directly conflicts with" the EMTALA two-year statute of limitations. 42 U.S.C. § 1395dd(f). It is inconsistent to hold that Indiana Trial Rule 15(C) "directly conflicts with" the EMTALA when federal courts have allowed relation back

under the similar federal rule. Under the majority's analysis and *Williams*, Indiana Trial Rule 15(C) and the equivalent federal rule would be rendered meaningless.

[33] While the trial court has discretion regarding whether to allow an amendment, which we review under the abuse of discretion standard, our review of conclusions of law is a de novo review. In a de novo review, I find that the trial court misapplied the law. I conclude that the trial court incorrectly determined that EMTALA's two-year statute of limitations precluded Miller from amending the complaint.

[34] Accordingly, I find that the relation back provision of Trial Rule 15(C) is not preempted by the EMTALA's two-year statute of limitations. I would remand for the trial court to determine whether the EMTALA claim in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ind. T.R. 15(C).